OMOHUNDRO *v.* OTTENHEIMER.

4-5422                                                    127 S. W. 2d 642

Opinion delivered April 24, 1939.

Geo. A. McConnell and J. T. West, Jr., for appellant.

Owens, Ehrman & McHaney and John M. Lofton, Jr., for appellee.

HUMPHREYS, J. This suit was brought originally in the chancery court of Pulaski county by appellees against appellant on July 8, 1937, praying for the specific performance of an alleged lease agreement entered into between the parties on the 6th day of October, 1936, in substance as follows: Appellant agreed to erect a business. building at the northeast corner of Markham and Ringo streets in the city of Little Rock, Arkansas, in accordance with plans and specifications to be prepared by Frank J. Ginocchio, Jr., architect.

The business building was to be completed by February 11, 1937, or not later than sixty days thereafter. Appellees were to pay a rental of $200 a month after the occupancy of the building for a term of five years with the option of an additional five years at a rental of $220 per month.

In paragraph one of the agreement it was provided that the building "be erected by the lessor, according to plans and specifications which are to be approved by all parties."

In paragraph twelve of the agreement the lease was conditioned "upon the construction of a building according to the plans and specifications which shall be approved by all parties hereto."

Paragraph seventeen of the contract is as follows: "Plans and specifications for the building to be erected are being prepared by Frank J. Ginocchio, Jr., and will be, when completed, approved by the parties hereto, by written indorsement on the original thereof, which said original shall be retained by the said Frank J. Ginocchio,

Jr., until the building is fully completed and possession thereof delivered to and accepted by the lessee. Neither of the parties hereto shall be bound by any of the terms of this lease until said plans have been completed and approved by both of the parties.''

Paragraph fourteen of the contract is as follows: ''Upon failure of the lessor to deliver the premises to the lessees as herein provided on a date not later than April 1, 1937, the lessees shall be entitled to liquidated damages at the rate of $100.00 per month, for the month of April, 1937, and at the rate of $200.00 per month thereafter until such time that the property may be occupied by the lessees and the lessees shall not be liable for rent during such period.''

It was alleged in the complaint that appellant failed to comply with the contract and deliver the business building to appellees.

On October 19, 1937, appellant filed an answer denying that the plans and specifications were completed or that same were approved by the parties, but that the building had been completed a few days before May 1, in substantial compliance with the plans and specifications and tendered to appellees and appellees had refused to accept same and pay rents therefor. She prayed that the answer be treated as a cross-complaint and that she be awarded a judgment for past due rents under the terms of the agreement.

On November 26, 1937, appellees filed an amendment to their complaint waiving their alleged right to a specific performance of the agreement, stating that the building was unfit for the purposes for which it was built and praying liquidated damages in the sum of $13,800.

On December 3, 1937, appellant filed an answer to the amendment to the complaint stating that the failure to complete the building was due to appellees' refusal to recognize her right to approve the plans and specifications, and denied the other allegations contained in the amendment to the complaint.

The case was transferred to the circuit court on the motion of appellees over appellant's objection.

A motion was made in the circuit court to transfer the case back to the chancery court which was refused over appellant's objection.

The cause was submitted on the pleadings, testimony introduced by the respective parties and the instructions of the court to the jury, resulting in a verdict and consequent judgment in favor of appellees against appellant for damages in the sum of $1,000 for breach of the contract on her part.

Appellant first contends for a reversal of the judgment because the appellant did not indorse her approval in writing on the plans and specifications as provided in the agreement arguing that under the terms of the agreement the written indorsement or approval of the parties on the plans and specifications prepared by Frank J. Ginocchio, Jr., was a condition precedent before the agreement should become effective. It is true that in the latter part of paragraph seventeen of the agreement it is provided that "neither of the parties hereto shall be bound by any of the terms of this lease until said plans have been completed and approved by both of the parties," but in the first part of said paragraph it is recited that the "plans and specifications for the building to be erected are being prepared by Frank J. Ginocchio, Jr., and will be, when completed, approved by the parties hereto, by written indorsement on the original thereof" and under that clause it was the duty of all the parties to indorse the plans and specifications when they were completed.

The plans and specifications were completed and appellees indorsed their approval of them in writing, but appellant omitted to do so, but, according to the evidence, appellant used the plans to obtain a permit to construct the building and used them to a large extent in constructing the building. The evidence also reflects that after the building was completed with many important changes from the original plans and specifications appellant offered to turn the building over to ap-

pellees for occupancy which they refused to accept because same was not constructed in accordance with the plans and specifications. Notwithstanding the changes that had been made by appellant she insisted that she had a right to make changes because she had not signed the original plans and specifications and that she was entitled to the benefit of the written rental agreement and demanded that they take it and pay rent for it pursuant to the written contract which had been signed by them on October 6, 1936. We think by using the plans and specifications and insisting that appellees were bound by the contract which was signed by them on October 6, 1936, she waived any provision in the contract that provided it should not be binding until the parties had signed the original plans and specifications. We also think that by using the plans and specifications in the construction of the building she clearly estopped herself from pleading that the failure to sign them by her prevented appellees from claiming damages for a breach of the agreement.

Appellant next contends that if bound by the contract she constructed the building in substantial compliance with the plans and specifications and, therefore, she did not breach the contract.

The question whether appellant breached the contract was submitted to the jury under correct instructions and the jury found that she did. The verdict of the jury is supported by substantial evidence. There is substantial evidence to the effect that in constructing the building appellant deviated from the plans and specifications approved by appellees in many vital respects without notice to or consent of the appellees. For example, she made the windows much smaller than the plans indicated and put in wood columns and wood beams instead of steel columns and steel beams and had the architect redraft the plans for the construction of the roof leaving out a monitor or Texas roof in the center thereof which was intended to provide light for the building. These and other changes appellant made were vital requirements in the original plans and specifications. Ap-

pellant is, therefore, bound by the finding of the jury on this disputed question of fact.

Lastly, appellant contends the court erred in submitting the correct rule for the measure of damages to the jury. The parties provided for the measure of damages in case of a breach of the contract in the written instrument. Paragraph fourteen in the written agreement provided for liquidated damages in case of a breach of the contract by appellant and we have already set that paragraph out in full and will not do so again. The court told the jury that "if you find for the plaintiffs, in fixing their damages you will take into consideration the liquidated damages provided in said lease of $100 a month for the month of April, 1937, and $200 per month thereafter until such time as you may find that the plaintiffs waived their rights to liquidated damages by treating the lease agreement as breached." Appellees waived their right to specific performance of the contract on November 26, 1937, and treated the contract as breached by appellant on that date. We think the court gave a correct instruction with reference to liquidated damages as it was in accordance with paragraph fourteen of the agreement. This court, in the Case of *Robbins* v. *Plant*, 174 Ark. 639, 297 S. W. 1027, 59 A. L. R. 1128, after citing many authorities relative to the rule, said: "These cases hold that, if the contract provides for a definite sum as the liquidated or stipulated amount to be paid upon a breach thereof, then the amount so fixed upon by the parties may be sued for; and it is not necessary for the plaintiff to prove any actual loss by reason of the defendants' breach of the contract. All that is necessary to entitle the plaintiff, in such a case, to recover the stipulated sum, is to show the breach of the contract upon which the payment thereof depends. In other words, the effect of a clause for stipulated damages is to substitute the amount agreed upon as liquidated damages for the actual damages resulting from the breach of the contract, and thereby prevent a controversy between the parties as to the amount of damages."

Two other instructions were given by the court relative to the measure of damages which were perhaps erroneous, but they are not prejudicial for the jury rendered a verdict in favor of appellees for much less than they were entitled to under paragraph fourteen of the lease agreement which provided for the amount of damages that appellees might recover in case of a breach of the contract.

There is no error in the record, hence, the judgment is affirmed.

McHaney, J., disqualified and not participating.