William Roger WINKLE and Janie WINKLE
*v.* GRAND NATIONAL BANK

79-178                                590 S.W. 2d 852

Opinion delivered November 13, 1979
(In Banc)
[Rehearing denied December 17, 1979.]

Appellants, *pro se*.

*Glover, Sanders, Parkerson & Hargraves,* by: *Robert S. Hargraves,* for appellee.

*James M. McHaney* of *Owens, McHaney & Calhoun* for The Arkansas Bankers Assn., Amicus Curiae.

CONLEY BYRD, Justice. On January 22, 1979, the trial court heard the motions of appellants William Roger Winkle and Janie Winkle seeking to stay garnishments and executions and/or dismiss deficiency judgments. The trial court overruled the motions, sustained the writ of garnishment against the employer of William Roger Winkle and held that appellee Grand National Bank could pursue its deficiency judgments subject to appellants' exemption rights. The trial court's order sustaining the garnishment was suspended by an order of the Bankruptcy Court showing that appellants had been adjudicated as bankrupt under Chapter 13 of the Bankruptcy Act.

For reversal of the trial court's order, appellants contend:

"I. The Chancellor erred as a matter of law in only allowing $500.00 exemption from foreclosure for the entire family of four.

II. The Chancellor erred in dismissing the motion to dismiss the deficiency judgments."

POINT I. We find no merit to this contention. The record before us does not show that appellants have filed a schedule of exemptions as required by Ark. Stat. Ann. § 30-209 (Repl. 1962). Secondly appellants did not object to the action of the trial court when it asked counsel for appellee if appellants were entitled to a $500 exemption. Furthermore, it appears that the matter is now a moot issue before the state courts because of the adjudication in bankruptcy.

POINT II. Appellants' contention here is that the deficiency judgments remaining after disposal of the secured collateral should be dismissed because they were never given proper notice to allow them to file timely objections. We find no merit to this contention. In the first place there was a dispute between appellant Janie Winkle and the attorney representing appellants at the time of the sale of the

collateral as to whether appellants had notice. The trial court accepted the testimony of the attorney over the testimony of Janie Winkle and on review, we cannot say that the trial court's finding on an issue of credibility is contrary to a preponderance of the evidence. In the next place, appellants have not shown how they were injured by the alleged failure to receive notice. Thus, if we should assume that appellants did not receive notice in time to permit them to file timely objections, any such failure to give notice would be harmless error on the record before us.

Affirmed.

HARRIS, C.J., not participating.