# MACK FINANCIAL CORPORATION
## *v.* CARTER OIL COMPANY, INC.

CA 80-524                              616 S.W. 2d 769

Court of Appeals of Arkansas
Opinion delivered June 3, 1981

*Allen, Cabe & Lester*, for appellant.

*Dodd, Kidd, Ryan & Moore*, by:*Judson C. Kidd*, for appellee.

GEORGE K. CRACRAFT, Judge. The appellant, Mack Financial Corporation, Inc., originally brought this action

in the Circuit Court of Pulaski County against the appellee, Carter Oil Company, Inc., for the balance due it on an installment contract for the purchase of a truck which had been destroyed by fire. The appellee filed its answer and counterclaim alleging that the appellant had been at fault in the failure to procure insurance on the truck, denying its liability to pay the debt for that reason, and by way of counterclaim asking for damages in the amount of the difference between the debt sued on and the full value of the uninsured truck. The complaint named as co-defendants Fred S. James and Company of Arkansas, Inc. and the Home Insurance Company, alleging that the Fred S. James and Company of Arkansas, Inc., appellee's insurance broker, had been negligent in the issuance of a policy of insurance ordered through it and for reformation of a policy of insurance issued by Home Insurance Company. The cause was then transferred to Chancery.

At the conclusion of the trial the chancellor dismissed the appellant's complaint as to all of the defendants and entered judgment against the appellant in favor of the appellee on its counterclaim. The appellant does not appeal from the action of the chancellor in dismissing the complaint as to the co-defendants but contends that the chancellor erred in dismissing his complaint as to Carter Oil Company, Inc., and in granting the appellee judgment on its counterclaim.

The facts, as found by the chancellor, reflect that on August 30, 1975, Texarkana Mack Sales, Inc. sold a 1975 Mack truck identified as "No. 674" to East Texas Leasing Corporation. The transaction was financed by Mack Financial Corporation, the appellant herein. The East Texas Leasing Corporation in turn leased this truck to the Carter Construction Company, Inc. On April 1, 1977, Carter Oil Company (a separate corporation owned by the same principal stockholder) entered into an agreement with East Texas Leasing Corporation and Carter Construction Company, Inc. whereby Carter Oil assumed all the obligations of the East Texas Leasing and Carter Construction under the original installment contract. Both the original installment sales agreement and the transfer agreement place the obli-

gation of insuring the truck on the vendee, Carter Oil.

Prior to the date of the assumption the vehicle was insured by Home Insurance Company in the name of East Texas Leasing and Carter Construction, as owners, with loss payable to Mack Financial.

Three weeks prior to the execution of the transfer agreement Mack Financial, in accordance with an established policy, wrote a letter to both East Texas Leasing and Carter Construction informing them that the policy which covered the truck in question was due to expire on April 17th and requested that it be furnished with a copy of a renewal policy. A copy of this letter was sent to the Fred S. James Company, Carter Construction's insurance broker. Again on March 31, 1977, the day before the transfer and assumption agreement was executed, Mack Financial sent a second letter to East Texas Leasing, Carter Construction and the Fred S. James Company, reminding them that the policy was due to expire and again requesting a copy of a renewal policy. On April 12th, prior to the expiration date of the existing policy but after the date of the transfer, Fred S. James Company, without knowledge of the transfer, forwarded its certificate to Mack Financial, certifying insurance on the truck but incorrectly listing Carter Construction as the insured. Upon receipt of the certificate, Mack Financial requested that the certificate be reexecuted with additional provisions. Mack Financial prepared such a certificate and furnished the same to Fred S. James Company for execution. This certificate prepared by Mack Financial erroneously listed East Texas Leasing and Carter Construction as the named insureds. No mention of the transfer of interest to Carter Oil was made. Fred S. James Company executed the submitted certificate showing Carter Construction as insured and returned it to Mack Financial on April 16th. The premium on the policy was charged to and paid by Carter Construction without discovery of the error. The premiums were subsequently refunded by Home Insurance.

On November 29, 1977, the truck in question was severely damaged by fire, and at the time of that loss it was still insured by Home Insurance policy showing Carter

Construction as the named insured. Home Insurance denied the claim for the loss of the truck on the grounds that Carter Construction had no insurable interest in it and Carter Oil had no insurance upon it. There was evidence that while Home Insurance would and did insure this truck for use in construction business, it would not have insured a truck hauling oil or other flammables. Carter Oil's other trucks were insured by another insurer.

In dismissing the plaintiff's complaint with respect to all defendants the chancellor found that even though the duty to procure the insurance in accordance with the agreement was upon Carter Oil, Mack Financial had assumed that duty of notifying the broker and the insurer of the change of ownership and use, and that due to its negligence Carter Oil was entitled to redress. The chancellor found that the value of the truck at the time of the destruction exceeded the amount of the indebtedness against it by the sum of $5,495.47, and entered judgment for that amount for Carter Oil on its counterclaim.

Mack Financial contends that the trial court erred in its finding that they had undertaken to notify the insurance companies of the change in ownership. They argued that the transfer agreement placed the burden upon Carter Oil to procure the insurance on the vehicle and that the action of the chancellor effected a variance upon the terms of the written instrument. We do not view the action of the chancellor as having that effect.

The chancellor did find that the contract imposed the duty upon Carter Oil but he found that the appellant, although not obligated under the transfer agreement to take action with regard to hazard insurance, undertook to do so, and having assumed the duty, its negligent course of conduct in the execution of that duty entitled Carter Oil to relief.

Mack Financial contends that it was not in the business of procuring insurance and did not attempt to do so in this case. It was their position that they only required that all collateral held by them be so insured and that the action of

its agents in this case was taken merely to verify that coverage was in force. It further contends that Carter Oil was the party who attempted to insure the vehicle. Evidence in support of these positions was offered in their behalf.

There was, however, evidence before the court that Mack Financial had assumed the duty of assuring the insurance in the name of Carter Oil, upon issuing its own erroneous certificate of insurance. There was evidence, and the court found, that Mack Financial did prepare a formal certificate of insurance, submitted to Fred S. James Company, that showed the vehicle in question to be owned by Carter Construction rather than Carter Oil. The chancellor further found that an additional duty was imposed upon Mack Financial in the certificate of insurance prepared by it, to notify the insurer of any change in ownership or if an increase in hazard had occurred. This it failed to do. It was not disputed that Mack Financial had full knowledge of the transfer and failed to correctly communicate that fact to the insurer, and thereafter failed to discover or correct its mistake.

Mack Financial's insurance clerk admitted that she made the mistake in preparation of the certificates and erroneously showed the ownership of the truck. Mr. Martin, president of Fred S. James Company, testified that it was normal procedure for Mack Financial in its dealings with him to give notice forty-five days prior to a renewal that they needed a certificate of insurance and that Mack Financial normally listed the insured and vehicles to be insured. The first person to contact Fred S. James Company is usually the lienholder. In this case they received several notices from Mack Financial showing the vehicle to be owned by the wrong corporation. Mr. Martin further testified that in issuing the certificate he relied solely on information furnished them by Mack Financial and that none was received from Carter Oil.

There was testimony from Mr. Carter, who was the principal stockholder in both of the Carter corporations, that in past dealings both Mack Truck Sales and Mack Financial had always assumed responsibility for getting the

insurance issued and in force. and that Carter paid the premiums. In this case he left it up to Mack Financial and the Fred S. James Company to get the policy in effect.

Findings of the chancellor will not be reversed unless found to be clearly against a preponderance of the evidence, and since preponderance turns largely on the credibility of the witnesses, we defer to the superior position of the chancellor in that regard. *Hackworth* v. *First National Bank of Crossett*, 265 Ark. 668, 580 S.W. 2d 465; *Winkle* v. *Grand National Bank*, 267 Ark. 101, 590 S.W. 2d 852.

We find no error in the chancellor's decision denying Mack Financial recovery for its loss resulting from its own neglect.

Mack Financial further contends that the chancellor erred in entering judgment against it for the amount of Carter Oil's equity in the truck, as if the insurance which ought to have been in force was in force. We agree.

While we hold that Mack Financial breached its duty and was negligent in not discovering that breach, we find a corresponding duty rested upon Carter Oil to make some inquiry and examination to determine if the insurance was in force. Had this loss occurred closer in time to the initial neglect of Mack Financial, a recovery of Carter Oil's equity might well have been warranted based upon that initial reliance. However, a period of seven months expired between the error and the loss. Although Mack Financial was negligent in not discovering and correcting its error, this initial failure to correctly communicate the change in ownership and use of the truck did not fully and finally relieve Carter Oil of its duty to protect its own interest.

We hold that Carter Oil had a corresponding duty to make reasonable inquiry and examination of its own records to determine that the truck was properly insured. Ordinary prudence demanded that it investigate to assure that the requested insurance was in force. The evidence shows that no effort whatever was made by Carter Oil to do so during the entire seven month period.

The counterclaim should be dismissed as without merit due to Carter Oil's own neglect.

Affirmed in part and reversed in part.

GLAZE, J., not participating.

MAYFIELD, C.J., concurs.

COOPER, J., dissents.

JAMES R. COOPER, Judge, dissenting. I respectfully dissent from the majority's holding in this case. The majority has held that Carter Oil Company, Inc. cannot recover against appellant because of its own negligence in failing to make sure that a policy of insurance had been issued on the truck in question.

The trial court held that, because of its breach of a duty to procure insurance, Mack could not recover the amount of its lien from Carter, and that for the same reason, Mack was liable to Carter for the difference in the lien amount and the fair market value of the truck at the time of the loss, less salvage. I believe that the trial court was correct.

The Chancellor specifically found that Carter's failure to discover the error made by Mack did not make the mistake mutual, and that there was no negligence or inequitable conduct by Carter which would cause the Court to reform the contract. I do not believe that these findings by the trial court are clearly erroneous or against a preponderance of the evidence and I would affirm.

Had Carter brought suit against Mack for the fair market value of the truck, based on Mack's same failure to procure insurance, I cannot see how Mack would be entitled to a credit for over $5,000.00 over and above the amount of its lien and the salvage value of the truck, yet that is the practical result of the majority's holding in this case.