McArthur TURNER and Mary N. TURNER
*v.* Ed PENNINGTON et ux

CA 82-275                                  646 S.W.2d 28

Court of Appeals of Arkansas
Opinion delivered February 16, 1983

*Young, Patton & Folsom,* by: *Nicholas H. Patton,* for appellants.

*Pilkinton & Pilkinton,* by: *James H. Pilkinton, Jr.,* for appellees.

TOM GLAZE, Judge. Appellants seek reversal of the chancellor's decision that appellee was entitled to have a certain deed reformed to include a mineral reservation which had been omitted. The trial judge also upheld appellee's alternative claims of entitlement to the mineral interests based on laches, estoppel and adverse possession. Appellants contend the chancellor's findings were contrary to the law. Because we find the evidence and the law support the chancellor's decision to reform the deed, we limit our discussion and opinion to that issue only.

The law is well settled that reformation of a written instrument is permitted in equity to show the true intent of the parties where there is a mutual mistake. *Bicknell* v. *Barnes,* 255 Ark. 697, 501 S.W.2d 761 (1973). The parties seeking reformation, however, must present evidence that clearly and convincingly warrants a finding that a mutual mistake occurred; however, the proof need not be undisputed in order to achieve reformation. *Bicknell* v. *Barnes, supra.* In the instant case, both parties agree that the chancellor's decision to reform the deed was premised on a finding of mutual mistake. The parties disagree, however, on whether the evidence supports that finding. In reviewing this factual issue on appeal, we do not reverse the chancellor's decision unless his ruling is clearly erroneous. *Dicus* v. *Allen,* 2 Ark. App. 204, 619 S.W.2d 306 (1981). Guided by these recognized principles of law, we proceed to review the evidence.

On August 27, 1970, appellee deeded two lots in Lewisville, Arkansas, to appellants.[1] Appellee testified that he intended to sell only the surface rights to the lots, and that in accordance with an oil and gas lease which he previously had signed covering these lots, he continued to receive periodic royalty payments after the sale to appellants. Although appellants now assert that they intended to purchase both surface and mineral interests from appellee, the facts belie such an assertion. We consider the facts which existed at the time of conveyance, and those which occurred afterward.

At the time of the conveyance, appellants, at the very least, had constructive notice that appellee had conveyed an oil and gas lease of the lots to an oil producing company. Appellee was receiving royalties pursuant to that lease. Appellants made no inquiry concerning the lease even though it previously had been signed and recorded. In fact, appellants admitted they purchased the two lots to build a house. Accordingly, they directed the Farmer's Home Administration to prepare an abstract limited to the surface only. Although no title opinion was introduced into evidence, the parties agree that appellants obtained one prior to the conveyance. The mineral and surface taxes on the lots had been separated and were on record when the title opinion was rendered and before the sale was closed. Appellee testified that because he had little formal education, he asked if his regular attorney could prepare the deed. His request was denied. Appellee claimed that his attorney had previously prepared appellee's deeds to other properties, reserving the mineral interests in each instance. Another indication the parties did not intend to include the minerals in the conveyance was the sale was made at a reduced price. An appraiser valued the two lots at $1,000 each, excluding minerals, but the appellee sold the lots to appellants for only $500 each.

For eleven years subsequent to the 1970 conveyance, appellee received royalties and paid mineral taxes on the

---

[1] Appellee's wife joined in the conveyance but she died later. Appellee remarried and his present wife was named in this cause as having a possible dower interest.

lots. Appellants asserted no claim to the royalties until an agent for the oil producing company contacted them when the company became aware of the 1970 deed appellants had received from appellee. While it is true that appellants deny appellee intended to reserve the mineral interests in issue, the parties' treatment of the property and its taxes over the years is consistent with such an agreed reservation. On the evidence presented, we cannot say the chancellor's finding to this effect was clearly wrong.

For the most part, the evidence is undisputed. Those few facts which were in conflict became questions for the chancellor to resolve, and in doing so, he was in a better position than we to observe the witnesses and determine their credibility. *Mack Financial Corp.* v. *Carter Oil Co.*, 2 Ark. App. 48, 616 S.W.2d 769 (1981). Upon our *de novo* review of this cause we find the chancellor's decision to reform the parties' deed because of mutual mistake is supported by the evidence and the law.

We affirm.

Affirmed.

CORBIN, J., not participating.