HILL v. HILL.

5-789                                    284 S. W. 2d 321

Opinion delivered December 5, 1955.

A. *James Linder,* for appellant.

*Etheridge & Sawyer,* for appellee.

SAM ROBINSON, Associate Justice. Appellant Hazel Hill filed this suit asking that she be granted a divorce from the appellee, J. C. Hill. The answer was a general denial and, in addition, appellee filed a cross complaint in which he asked that he be granted a divorce. Later the defendant amended his cross complaint by withdrawing his prayer for a divorce and by making the allegation that he had an interest in certain real and personal property in the possession of the appellant. He asked for a judgment for the value of his alleged part of such property.

At the trial Hazel was granted a divorce, and there is no appeal from the decree in that respect. The Chancellor made a finding that Hill was the owner of an interest in the property in question and appointed a receiver to take charge of the property and act as a master in making a determination as to the equities of the parties, and to sell the property and divide the proceeds accordingly. Hazel has appealed from that part of the decree holding that appellee has an interest in the property involved.

The parties were married on October 23, 1950, and separated in the first part of October, 1954. Hill is about 40 years of age, and his wife a little older. There is no showing that Hill had accumulated any property, real or personal, at the time of the marriage. Subsequent to his marriage in 1950, he bought a 1937 model Chevrolet. Later, he bought a newer model car but failed to make the monthly payments and it was repossessed by the seller. He did not own a car at the time of the trial.

At the time of her marriage in 1950, Mrs. Hill owned and operated the Elite Cafe. She owned her own home and, in addition, she owned an adjoining lot on which was situated a small building that was later moved to the

front of the lot and converted into a restaurant. Subsequently, three tourist cabins were also constructed on this lot. In raising the money to do this work, Mrs. Hill sold the Elite Cafe for $1,100, borrowed $1,000 from her sister and mortgaged her home for $1,500. She later mortgaged the lot on which were situated the restaurant and cabins to get money to enlarge the restaurant.

Hill claims that some of the money he earned was used in the construction of these buildings and in furnishing them. He also says that he did some of the construction work and as a result he owns an interest in the buildings and in the furnishings. Even if some of Hill's money went into construction of the buildings and in furnishing them, he has not proved by a preponderance of the evidence any definite amount that would support a judgment. To say that he furnished any amount of money over and above the sum required to support himself and his wife would be pure speculation. And, the Chancellor could not make a determination from the evidence as to just how much Hill put into the business, if anything. During the time of the marriage, Hill earned an average of about $177.00 a month. After supporting himself and his wife he surely could not have had much left for investment purposes.

Since the Chancellor could not determine from the evidence how much money Hill had put into the business, if any, a receiver was appointed to take charge of the property and to act as a master and state an account between the parties. But the case appears to have been fully developed, and a receiver or a master would be in no better position than the court to arrive at a conclusion. The burden of proof was on Hill to prove the allegations of his cross complaint by a preponderance of the evidence. Since he failed in this respect, it cannot be said he has shown that he has any interest in the property involved. His cross-complaint should be dismissed for want of equity. The decree is accordingly reversed.