Eddie James CALLAWAY, III *v.* Maxine Y. Waller
CALLAWAY

CA 82-343                                          648 S.W.2d 520

Court of Appeals of Arkansas
Opinion delivered April 13, 1983

130

*Haskins & Wilson,* by: *Robert B. Buckalew,* for appellant.

*Gill, Skokos, Simpson, Buford & Owen, P.A.,* for appellee.

LAWSON CLONINGER, Judge. On June 15, 1982, appellee, Maxine Y. Waller Callaway, was awarded an absolute divorce from appellant, Eddie James Callaway, III. At the time of the divorce the chancellor adjudicated the property rights of the parties.

Appellant prosecutes this appeal from a portion of the decree, contending that the trial court erred when it found: (1) that the marital property of the parties should be sold at public sale; (2) that appellee was entitled to a judgment against appellant for one-half the debts incurred during the marriage; (3) that appellee was entitled to judgment against appellant for one-half the value of improvements made on appellant's home acquired prior to the marriage.

We modify and affirm the judgment of the trial court.

For his first point, appellant argues that Ark. Stat. Ann. § 34-1214 (A) (1) (Supp. 1981), requires the trial court to state its basis and reasons for not dividing marital property in kind equally between the parties. There was no material disagreement between the parties as to what items were marital property. One minor dispute relating to a dining room suite was properly resolved by the court in favor of appellee. The court, in its decree, ordered a public sale of all marital property, but the decree does not state why the property is to be sold and it makes no provision for the disposition of the proceeds of the sale.

Equity cases are tried *de novo* on appeal upon the record made in the trial court, and the issues are resolved on that record. *Ferguson* v. *Green,* 266 Ark. 556, 587 S.W.2d 18 (1979). However, we do not reverse the chancellor's findings unless they are clearly against the preponderance of the evidence, giving due regard to the opportunity of the chancellor to judge the credibility of the witnesses. See *Mayhew* v. *Loveless,* 1 Ark. App. 69, 613 S.W.2d 118 (1981); Rules of Civil Procedure, Rule 52 (a). We will not remand a case to chancery court for further proceedings and proof where we can plainly see what the equities of the parties are, but, rather, we will render such decree as should have been rendered below. See *Ferguson* v. *Green, supra.*

The sale of the marital property was discussed at the first of two hearings held in this cause by Mr. Skokos, appellee's attorney, and Mr. Smith, appellant's attorney. The following dialogue occurred:

MR. SKOKOS: With Mr. Smith's approval that the thirty two hundred dollar debts outstanding at this point. He's to be responsible for half those debts which is sixteen hundred dollars. He's also to pay her thirty five hundred dollars for half the improvements on the house and that all the other marital property to be sold at public auction.

MR. SMITH: And applied to the debts.

MR. SKOKOS: And then applied to the debts.

The possibility of a settlement being reached between the parties which would result in a division of the property, avoiding a sale, was discussed, but at no time did appellant or his attorney object to the proposed sale of the property. In response to a question by his attorney, appellant expressed a preference to sell all marital property:

MR. SMITH: I want to make it clear to you, Mr. Callaway, in regard to what the judge's decision is that you have a complete understanding what your obligation is after this hearing. According to the last hearing you will be liable to pay Mrs. Callaway a certain sum of money. To offset the payment of that certain sum of money you may ask the court to reduce it to a monetary judgment or you may have your property sold. That would be your car and all marital property acquired during the marriage. The court at its discretion may reduce it to a monetary judgment to be paid on a weekly basis or a monthly basis.

MR. CALLAWAY: I think I'd rather sell all my property.

The proper time to object to a sale was during the hearing in the trial court. Appellant made no objection at the hearing, and no objection was made when the decree was presented to appellant's attorney for approval. Appellant is not permitted, under the circumstances of this case, when the decree is not to his liking, to advance a new theory on

appeal. See Ausburn v. *Ausburn,* 271 Ark. 330, 609 S.W.2d 14 (1980).

There is evidence in the record to justify a conclusion that the parties assumed that appellant's share of the proceeds from the sale of the marital property would not be sufficient to satisfy his obligation to pay one-half of the marital debts and one-half of the improvements made to his home. Appellant's attorney stipulated that the proceeds would be " . . . applied to the debts." The decree of the trial court should be modified to provide that the proceeds of the sale of the marital property be applied to the marital debts and the improvements made to appellant's home, and that any excess be divided equally between the parties.

For his second point, appellant contends that the chancellor, in dividing the marital debts, failed to consider the fact that appellee's income exceeded that of appellant. He further contends that most of the debts were incurred by appellee, and that most of the items comprising the total debt were gifts to appellant and others. Ark. Stat. Ann. § 34-1214, *supra,* requires that all marital property be distributed one-half to each party unless the court finds such a division to be inequitable. The chancellor did not abuse his discretion in failing to find that it would be inequitable to divide the debts equally, and he was, therefore, not required to consider the various factors, including income of the parties, enumerated in § 34-1214. Neither did the chancellor abuse his discretion in failing to find that the purchases made by appellee for the benefit of appellant were gifts to be excluded from marital debts. Some of the items were clothing for the appellant, and one of the items objected to by appellant was a round trip to Washington, D.C. for both the parties which appellant testified he did not particularly want. It would have been difficult for the chancellor to justify any division of the debts other than the equal division he made.

As to appellant's third point for reversal, the evidence establishes that various improvements were made to the home owned by appellant during the marriage.

In the area of real property acquired before the marriage, a spouse is entitled to the improvements if the spouse claiming them can show he helped make them. *Hill* v. *Hill*, 225 Ark. 661, 284 S.W.2d 321 (1955). In *Smith* v. *Smith*, 227 Ark. 26, 295 S.W.2d 790 (1956), the Arkansas Supreme Court held that the advancements the husband made for the improvement of the wife's property were presumed to be gifts, and that presumption can be overcome only by clear and convincing evidence. In *Smith*, though, the sums paid by the husband were made from funds he brought into the marriage; in fact, the court found that the husband did at most two or three days of work during the three months period of the marriage. In the case before this court, the evidence shows that appellant paid for many of the improvements to his home, but all the payments were made from marital property, i.e., income earned by appellant and appellee during the marriage.

No evidence was presented to establish any of the elements of a gift, and it is questionable if the presumption of a gift expressed in *Smith* is now applicable in light of *Stokes, Ex'r* v. *Stokes*, 271 Ark. 300, 613 S.W.2d 372 (1981) in which the Arkansas Supreme Court observed:

> The United States Supreme Court has clearly indicated that it will strike down all gender based laws which do not serve a legitimate governmental purpose and are reasonably designed to accomplish that purpose. *Orr* v. *Orr*, 440 U.S. 268, 99 S. Ct. 1102 (1979); *Wengler* v. *Druggist Mutual Insurance Company*, 446 U.S. 142 (1980); *Califano* v. *Goldfarb*, 430 U.S. 199 (1977); *Califano* v. *Westcott*, 443 U.S. 76 (1979); *Stanton* v. *Stanton*, 421 U.S. 7 (1975); *Trimble* v. *Gordon*, 430 U.S. 762 (1977).

That question, however, is not before the court at this time. The improvements in this case were made upon·appellant's property with marital property as defined by Ark. Stat. Ann. § 34-1214, and appellee is entitled to one-half of those improvements in the absence of a finding that an equal division would be inequitable.

The decree of the trial court is affirmed as modified.