Vincent LONIGRO, Jr. *v.* Donna Smith LONIGRO

CA 96-250 935 S.W.2d 284

Court of Appeals of Arkansas
Division II
Opinion delivered December 18, 1996

*Pat Hall,* for appellant.

*Compton, Prewett, Thomas & Hickey, P.A.,* by: *Cathleen V. Compton,* for appellee.

JOHN MAUZY PITTMAN, Judge. Appellant Vincent Lonigro, Jr., appeals from an order of the Union County Chancery Court regarding custody of the parties' minor daughter, Gina, and the award

of child support to appellee.

 At the time of their divorce in 1994, appellee obtained custody of the parties' two minor children, a son, Drew, and a daughter, Gina. In July 1995, Gina began living with appellant, who subsequently petitioned the court for custody and for a reduction in child support. The court awarded joint legal custody of Gina to the parties' and physical custody to appellant. Appellant argues that he should have legal custody of Gina because appellee has legal custody of Drew. The court stated it placed Gina in the parties' joint custody because the parties indicated that Gina's living arrangements would be evaluated at Christmas and that Gina might opt to return to live with appellee. The court placed Gina in joint custody so that appellee would not be required to prove a material change in circumstances should Gina desire to return to appellee. Child custody decisions are within the chancellor's broad discretion, and we find no abuse of discretion in the court's ruling. *Milum v. Milum*, 49 Ark. App. 3, 894 S.W.2d 611 (1995). The court's assignment of custody is affirmed.

Appellant next argues that the court erred in failing to order appellee to pay child support for Gina. The trial court found that appellant's weekly take-home pay was $700.00 and incorrectly deducted $100.00 as a credit for Gina based on the guidelines of the family support chart. The court then determined appellant's weekly take-home pay to be $600.00 and used this figure to calculate the amount of child support due appellee from appellant for the parties' son, Drew, who remained in appellee's custody. The court failed to make a finding as to child support payable by appellee for Gina.

 Arkansas Code Annotated § 9-12-312(a)(2) (Supp. 1995) provides:

> In determining a reasonable amount of support, initially or upon review to be paid by the noncustodial parent, the court shall refer to the most recent revision of the family support chart. It shall be a rebuttable presumption for the award of child support that the amount contained in the family support chart is the correct amount of child support to be awarded. Only upon a written finding or specific finding on the record that the application of the support chart would be unjust or inappropriate, as determined under established criteria set forth in the family support chart, shall

the presumption be rebutted.

We hold that the court erred in calculating the amount of child support and remand for the chancellor to apply Ark. Code. Ann. § 9-12-312(a)(2) (Supp. 1995) consistent with this opinion.

On remand, the court should determine whether appellee should pay child support for Gina and, if not, should make specific findings as provided by § 9-12-312(a)(2). Secondly, the amount of child support that appellant owes for Drew should be based on appellant's net weekly income, which the court determined to be $700.00.

■ Lastly, appellant contends that the court erred by finding that his net weekly pay was $700.00. Appellant's statement of his income excludes overtime earnings which sometimes equaled or exceeded his regular earnings. This court reviews chancery cases *de novo*, and we will not disturb the chancellor's findings unless they are clearly against the preponderance of the evidence. *Milum* v. *Milum*, *supra*. We cannot say that the chancellor's finding as to appellant's income is clearly against the preponderance of the evidence.

Affirmed in part; reversed and remanded in part.

NEAL and STROUD, JJ., agree.