Darryl BROWN v. Angela CLEVELAND

96-586                                          940 S.W.2d 876

Supreme Court of Arkansas
Opinion delivered April 7, 1997
[Petition for rehearing denied May 12, 1997.*]

---

* GLAZE and BROWN, JJ., would grant.

*Child Support Enforcement Unit of Pulaski County,* by: *Ann Dodson,* for appellant.

No response.

RAY THORNTON, Justice. In 1995, Darryl Brown, appellant, had physical custody of K.B., a minor child, and petitioned for an award of child support from K.B.'s mother, Angela Cleveland, appellee, who had legal custody of K.B. The matter was heard in the Pulaski County Chancery Court, tenth division, and the chancellor declined to award child support, pending a hearing for determination of legal custody. Mr. Brown urges that the court erred in ruling that Ms. Cleveland cannot be ordered to pay child support simply because she is the legal custodian of the minor child. We are not persuaded that this allegation of error accurately reflects the ruling of the court. The real issue is

whether the chancellor's exercise of discretion was appropriate under the circumstances of this case. We find that the chancellor did not abuse her discretion, and we affirm her decision.

In 1987, Ms. Cleveland instituted a paternity action against Mr. Brown, seeking to have him named as her daughter's father, and seeking an award of child support and other relief. When the matter was heard in May of 1988 before Judge Joyce Warren, Mr. Brown admitted that he was K.B.'s father, and the court so found. However, no award of child support was made to Ms. Cleveland because K.B. was living with her paternal grandmother. In 1989, with the assistance of the Pulaski County Child Support Enforcement Unit (PCCSEU), Ms. Cleveland again sought an award of child support, but again the case was dismissed without prejudice because she did not have physical custody of the child.

On June 14, 1995, the State of Arkansas, Office of Child Support Enforcement (OCSE), sought to intervene in the case, seeking child-support payments from Ms. Cleveland to be effective retroactively to December 12, 1994. OCSE alleged that Mr. Brown, as physical custodian of K.B., had assigned to it his right to child support. The matter was set for hearing on September 20, at which time OCSE was granted permission to intervene. Ms. Cleveland was present, and the issue of who had custody of the child arose at the hearing; but because Mr. Brown was not present, the court reset the matter for December 20. On that date, Mr. Brown was present, but Ms. Cleveland was not. The court advised Mr. Brown that he could request a change in legal custody by a written motion, served upon the mother, and thereafter a hearing could be scheduled at which time custody could be changed based upon the testimony, or based upon default if the mother failed to appear.

On December 27, OCSE, the intervenor, requested findings and conclusions to support the court's decision declining to make an award of child support pending a determination of legal custody of the child and referred the court to Ark. Code Ann. § 9-14-105 (Repl. 1993) which provides in part as follows:

(b) The following may file a petition to require the noncustodial parent or parents of a minor child to provide support for the minor child:

. . . .

(2) Any other person or agency to whom physical custody of a minor child has been given or relinquished;

. . . .

(d) As used in this subchapter, unless the context otherwise requires:

. . . .

(2) "Noncustodial parent" means a parent who resides outside the household or institution in which the minor child resides.

*Id.* §§ 9-14-105(b)(2) and (d)(2). Clearly, the statute allows that parent who has physical custody of the child to seek child support from the parent who does not have physical custody; however, it does not address the legal-custodian issue raised here. On appeal, Mr. Brown, now represented by the PCCSEU, asserts that the chancellor erred in ruling that Ms. Cleveland cannot be ordered to pay child support simply because she is the legal custodian of the minor child. Mr. Brown claims that legal custody is not a prerequisite to qualify for child support under Ark. Code Ann. § 9-14-105 or any other statute. They claim the statute is "clear and unambiguous" in granting child support to one who holds physical custody only; therefore, the chancellor abused her discretion by resorting to statutory construction.

However, this assertion mistakes the thrust of Chancellor Joyce Warren's findings of fact and conclusions of law entered in January 24, 1996. In her order, after specifically pointing out that in the 1988 hearings on paternity the mother had legal custody but that no child support was ordered, Chancellor Warren stated the following:

9. Pursuant to Rule 60 of the Arkansas Rules of Civil Procedure allowing the Court to modify its Order within ninety days, the Court concedes that Intervenor's argument is well taken that the Court *could* possibly order support pursuant

§ 9-14-105 based on the fact that Mr. Brown does have physical custody and Ms. Cleveland would fit the definition of a non-custodial parent under that statute. However the Court does not agree that it is *required* to set support on a request such as this given the fact that Ms. Cleveland has legal custody. The Court has the authority to require the father to first effect a change of custody.

10. In orders entered in cases of divorce or paternity adjudication, the Chancery Court retains jurisdiction to make all necessary future orders regarding custody, child support, visitation, et cetera. It is not unreasonable or contrary to statute or case law to require a change of custody in this situation. To rule otherwise, the Court would have to interpret this enactment to mean that a parent need not bother with changing legal custody of a child, but could simply obtain physical custody through whatever means and then be entitled to come to court and ask for child support.

(Emphasis in original.)

The issue before us is not whether the chancellor erroneously ruled that she was barred from awarding child support; she did not make that ruling. To the contrary, the chancellor correctly found that she had authority to award child support if such an award were appropriate. The issue is whether in exercising that authority, the chancellor may use discretion in determining that the need for an orderly procedure for changing legal custody prior to awarding support is in the best interest of the child and could reasonably be required.

It is well established that "[i]n custody matters the unyielding consideration is the welfare of the children." *Stephenson v. Stephenson*, 237 Ark. 724, 726, 375 S.W.2d 659, 660 (1964). To a similar effect, as the court of appeals held in *Johns v. Johns*, 53 Ark. App. 90, 918 S.W.2d 728 (1996), the welfare and best interest of the child are of primary consideration in custody cases, with all other interests being secondary; and as it further noted in *Lonigro v. Lonigro*, 55 Ark. App. 253, 935 S.W.2d 284 (1996), child-custody decisions are within a chancery court's broad discretion. Although we give deference to a chancellor in all chancery cases, "[d]eference to the chancellor is even greater when dealing with child custody." *Norwood v. Robinson*, 315 Ark. 255, 260, 866

S.W.2d 398, 401 (1993). This court has repeatedly held that "there are no cases in which the superior position, ability, and opportunity to view the parties carry as great a weight as those involving minor children." *Id.* at 260, 866 S.W.2d at 401.

In determining custody of a minor child, it is essential that the interest of the child be given priority, and the selection of a custodian should provide stability and continuity in the child's environment. While the plain language of Ark. Code Ann. § 9-14-105 provides for access to the court for purposes of petition and clearly authorizes the court to provide child support to anyone to whom physical custody of a minor has been given or relinquished, the statute does not prohibit the use of discretion in making awards of child support. It does not mandate the actions a court must take when presented with a support request under its provisions, nor does it *require* the court to grant such a request with use of such authoritative words as "the court shall" or "the court must." It would be disingenuous to contend that the silence of the statute on the question of the chancellor's use of discretion somehow prohibits the use of discretion.

This court has long allowed a chancery court latitude to "award the custody of the child to either parent and to make reasonable provisions for [the child's] support." *Penney v. Penney,* 210 Ark. 16, 18, 193 S.W.2d 811, 812 (1946); *see also Clark v. Reiss,* 38 Ark. App. 150, 831 S.W.2d 622 (1992) (addressing only child custody). The change of legal custody for a child should not be simply a matter of who is willing to let the child live with them, perhaps for the wrong reason of obtaining child support; but the change should be predicated upon consideration of which person, in the sound discretion and judgment of a chancellor, will best serve the interest of the child. Here the chancellor noted that based on hearing testimony, Mr. Brown has had physical custody of his child for nine of her eleven years and that there was nothing that would prohibit him from seeking a change of legal custody. The chancellor further suggested that the father will likely be awarded legal custody, and urged that notice be given and a hearing held for that purpose. So even though the statute set forth above gives Mr. Brown, as physical custodian, a right to seek child support from Ms. Cleveland, the chancellor did not clearly abuse

her discretion by determining that it is in the best interest of this child to effectuate a change of legal custody to Mr. Brown before ordering Ms. Cleveland to pay child support.

In summary, the issue presented to this court is whether the chancellor abused her discretion, and we would only disturb the trial court's decision if Mr. Brown could demonstrate that the chancery court's decision was arbitrary or groundless. *Holaday v. Fraker*, 323 Ark. 522, 915 S.W.2d 280 (1996). Although child custody and child support are clearly separate and distinct issues, and Ark. Code Ann. § 9-14-105 only addresses child-support issues, we find that it was not an abuse of the chancery court's discretion to require Mr. Brown to seek legal custody before it granted child support.

The decision of the chancellor is affirmed.

GLAZE, and BROWN, JJ., dissenting.

TOM GLAZE, Justice, dissenting. While Angela Cleveland has legal custody of the parties' child, K.B., Angela has never had physical custody of K.B. K.B. has lived with Darryl or his mother, so Angela has never been awarded child support. The state has made medicaid payments in K.B.'s behalf, and the Pulaski County Child Support Enforcement Unit, obtaining assignment of Darryl's rights, brought this action requesting that Angela should now be ordered to pay child support.

At the hearing in this matter on December 20, 1995, the chancellor determined that Darryl had had physical custody of K.B. since K.B. was two years old[1], but the chancellor held she could not require Angela to pay child support until Darryl filed a motion seeking *legal* custody of K.B.[2] The chancellor's ruling is in direct conflict with Ark. Code Ann. § 9-14-105 (Supp. 1995), which in pertinent part provides as follows:

---

[1] K.B. was eleven years old at the time of this litigation.

[2] In the chancellor's findings of facts and conclusions of law, she stated the following:

> [the court] is cognizant of Ark. Code Ann. section 9-14-105 but the Court doesn't agree that it is REQUIRED to set support since Ms. Cleveland has legal custody and *it has the authority to require the father to first effect a change of custody* and it is not unreasonable or contrary to statute or case law. (Emphasis added.)

(b)  The following may file a petition to require the noncustodial parent or parents of a minor child to provide support for the minor child:  (1) Any person having physical custody of a minor child;

* * *

The foregoing provision could not be clearer. Angela is a noncustodial parent[3], and Darryl indisputably has physical custody of K.B. . Thus, under § 9-14-105(b)(1), Darryl is authorized to seek child support from Angela.

The chancellor tried to explain away § 9-14-105(b)'s plain language by stating the statute's purpose is to aid parents and other relatives who obtained physical custody of a child, but who did not have the opportunity or appropriate judicial forum available to obtain legal custody of a child.  Section 9-14-105 simply contains *no* language which supports the chancellor's construction of that provision and to accept such an explanation is merely judicial legislation.  In addition, the chancellor's suggestion that § 9-14-105 could be employed only by relatives who obtained physical custody of the child, but did not have access to the judicial forum to obtain legal custody, is a red herring.  Nothing prohibits a relative, like Darryl's mother, from seeking legal custody, even if she already has physical custody.

In conclusion, the majority court's decision is contrary to modern-day child-support provisions, which are designed to make parents, not the state, responsible for the care of their children. Darryl meets the clear requirements of § 9-14-105, and should be permitted to request that Angela meet her responsibility of supporting K.B.  Whether the chancellor decides Angela has the ability to pay child support is another issue; but irrespective of that issue, the chancellor was wrong in deciding § 9-14-105 automatically barred Darryl from seeking child-support payments until he obtained legal custody of K.B.

I respectfully dissent.

BROWN, J., joins this dissent.

---

3 Section 9-14-105(d)(2) defines "noncustodial parent" as one who resides outside the household or institution in which the minor child resides.