The Honorable Shane Broadway State Representative 201 S.E. 2d Street Bryant, AR 72022-4025
Dear Representative Bryant:
I am writing in response to your request for an opinion concerning A.C.A. §§ 9-10-113 (regarding legal custody of a child born to an unmarried woman) and 5-26-502 (establishing the offenses of "interference with court-ordered custody" and "interference with custody.") It appears from correspondence attached to your request that the question in this regard involves the applicability of A.C.A. § 5-26-502 in a case where an alleged biological father, whose paternity has not been established, takes physical custody of an illegitimate child from the mother without her consent. You have asked whether there should be an enforcement of §5-26-502 in that situation.
RESPONSE
It is my opinion that this decision must be made by the prosecuting attorney, in the exercise of his prosecutorial discretion. While it is my opinion that A.C.A. § 5-26-502(a)(2)(A)[1] could possibly apply in this situation, the criminal charges, if any, that may be appropriate are dependent upon all of the relevant facts and circumstances of the case. Decisions about whether to prosecute, who to prosecute, and what charges to bring are left to the sound discretion of the prosecuting attorney of the jurisdiction. This office has no authority over such matters.
As you have pointed out, A.C.A. § 9-10-113 (Repl. 1998) establishes a statutory presumption of custody in the mother of an illegitimate child.See also Norwood v. Robinson, 315 Ark. 255, 866 S.W.2d 398 (1993). Subsection (a) of § 9-10-113 states:
 When a child is born to an unmarried woman, legal custody of that child shall be in the woman giving birth to the child until the child reaches the age of eighteen (18) years unless a court of competent jurisdiction enters an order placing the child in the custody of another party.[2]
Arkansas Code Annotated § 5-26-502, as amended by Act 1553 of 2001 (see n. 1, supra), states as follows under subsection (a)(2)(A):
 (a)(2)(A) A person commits the offense of interference with custody if, without lawful authority, he or she knowingly or recklessly takes or entices, or aids, abets, hires, or otherwise procures another to take or entice, any minor or any incompetent person from the custody of:
(i) The parent of the minor or incompetent person;
(ii) The guardian of the minor or incompetent person;
 (iii) A public agency having lawful charge of the minor or incompetent person; or
(iv) Any other lawful custodian.
(B) Interference with custody is a Class C felony.
As you have pointed out, another subsection of A.C.A. § 5-26-502
establishes the offense of "interference with court-ordered custody." A.C.A. § 5-26-502(a)(1)(A) (as redesignated by Act 1553 of 2001). It would seem, however, that this provision is inapplicable in the case of an unmarried mother whose custody of her child flows from A.C.A. §9-10-113, because there is no actual "court-ordered custody" in that instance. The question has thus arisen regarding the applicability of §5-26-502(a)(2)(A).
The plain language of § 5-26-502(a)(2)(A) indicates to me that this criminal provision might apply if a biological father whose paternity has not been established takes a child from the custody of a mother who has legal custody by virtue of A.C.A. § 9-10-113. She would presumably be the minor's "lawful custodian" (§ 5-26-502(a)(2)(A)(iv)), and it is possible that the alleged biological father would have no "lawful authority" to take the child. There are, however, factual determinations to be made in this regard. Additionally, whether the various elements of this offense are established is a matter to be decided by the prosecuting attorney. Prosecuting attorneys have the discretion whether or not to prosecute and what charge or charges to file if they do choose to prosecute. Seegenerally Rothrock v. Walker, 197 Ark. 846, 125 S.W.2d 459 (1939) andVenhaus v. Brown, 286 Ark. 229, 691 S.W.2d 141 (1985).
Because this office has no authority or jurisdiction in such matters, I am unable to conclusively resolve this question concerning the enforcement of § 5-26-502. Ultimately, this decision rests with the prosecuting attorney.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:EAW/cyh
[1] The subsections in § 5-26-502 were redesignated by Act 1553 of 2001, § 11. Subsection (a) (2) (A) was formerly designated as subsection (b) (1). See A.C.A. § 5-26-502 (Repl. 1997).
[2] The biological father may petition for an award of custody, provided he has established paternity in a court of competent jurisdiction. A.C.A. § 9-10-113 (b).