SLIP OPINION



Cite as 2013 Ark. App. 473

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CV-12-1057

| | |
|---|---|
| GOLDIE IRIS BRIMBERRY<br>APPELLANT<br><br>V.<br><br>JOSEPH R. GORDON<br>APPELLEE | **Opinion Delivered** September 4, 2013<br><br>APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, FIFTEENTH DIVISION<br>[NO. DR-2010-4770]<br><br>HONORABLE RICHARD MOORE, JUDGE<br><br>AFFIRMED |

## RHONDA K. WOOD, Judge

Appellant Goldie Iris Brimberry (mother) appeals a circuit court decision granting custody of her two-year-old child to the appellee, Joseph R. Gordon (father), following a finding of paternity. She contends that the circuit court erred in finding that there was a material change of circumstance and that it was in the child's best interest to reside with his father based on her "lifestyle choices." The mother alleges the circuit court's critique of her "lifestyle choices" was a result of her lesbian relationship and that to change custody for this reason was in error. We affirm.

In reviewing child-custody cases, we consider the evidence de novo, but will not reverse the trial court's findings unless they are clearly erroneous or clearly

SLIP OPINION

against the preponderance of the evidence. *Middleton v. Middleton*, 83 Ark. App. 7, 113 S.W.3d 625 (2003). A finding is clearly against the preponderance of the evidence when, although there is evidence to support it, the reviewing court is left with a definite and firm conviction that a mistake has been made. *Id*. We also give special deference to the superior position of the trial court to evaluate and judge the credibility of the witnesses in child-custody cases. *Durham v. Durham*, 82 Ark. App. 562, 120 S.W.3d 129 (2003). We know of no cases in which the superior position, ability, and opportunity of the trial court to observe the parties carry as great a weight as those involving children. *Dunham v. Doyle*, 84 Ark. App. 36, 129 S.W.3d 304 (2003). In custody cases, the primary consideration is the welfare and best interest of the child involved, while other considerations are merely secondary. *Durham*, *supra*.

The mother and father conceived a child out of wedlock as teenagers. They were able to work together to arrange a custody schedule without any court intervention for the first years of the child's life. This arrangement deteriorated, and the father filed a petition for paternity and for custody of the minor child. The mother admitted paternity. There was, however, confusion at the circuit court level on whether the father had to prove a material change of circumstance prior to the circuit court determining the best interest of the child. The circuit court held that since the parties agreed to a custody arrangement prior to this paternity action,

2

the father had to first show that a material change of circumstance existed in order to gain custody of the child. The court then found a material change of circumstance did exist and that it was in the child's best interest to reside with the father. It is not required that a circuit court find a material change of circumstance in an initial custody decision following establishment of paternity. The court's ruling requiring a material change was in error.

Arkansas Code Annotated section 9-10-113(a) (Supp. 2011) provides that an illegitimate child shall be in the custody of its mother unless a court of competent jurisdiction enters an order placing the child in the custody of another party. *Freshour v. West*, 334 Ark. 100, 971 S.W.2d 263 (1998). Section 9-10-113(b) provides that a biological father may petition the court for custody if he has established paternity in a court of competent jurisdiction. *See id.* Custody may be awarded to a biological father upon a showing that (1) he is a fit parent to raise the child; (2) he has assumed his responsibilities toward the child by providing care, supervision, protection, and financial support for the child; and (3) it is in the best interest of the child to award custody to the biological father. Ark. Code Ann. § 9-10-113(c). This court has found that in an initial determination of paternity, the biological father is not required to show that a material change in circumstance has occurred in order to obtain custody. *Lane v. Blevins*, 2013 Ark. App. 270.

SLIP OPINION

Though the circuit court here erred in its determination that the father had to show that a material change of circumstance occurred, this does not necessitate reversal. We can affirm the circuit court when it reaches the right result, even though it may have announced the wrong reason. *Delgado v. Delgado*, 2012 Ark. App. 100, 389 S.W.3d 52. The circuit court's finding that it was in the child's best interest to be in the custody of the father was not clearly erroneous.

The mother incorrectly attempts to make the issue in this appeal about whether a circuit court can remove custody from a parent in a homosexual relationship for having her romantic partner in the home overnight with the child present. Instead, the issue is whether the circuit court was clearly erroneous in determining that it was not in the child's best interest to remain in the custody of a mother who did not have a stable home environment.

Although the court recognized the mother's homosexual relationship, the court clearly stated that it was her "lifestyle choices" that resulted in the court's decision to award custody to the father. The evidence presented was that the mother had her romantic partner spend the night in the home, often when the child was present; that the child would climb into bed with them in the morning; and that the child's grandmother, who also resided in the home, occasionally had a male companion in the home overnight. In addition, the court expressed frustration that the mother was not employed and was not progressing academically

in college–yet she left the child in daycare. Further, she had no ability or plan to support the child.

The court found that the father was fit: he had contributed financially for the child, had regularly exercised visitation, and was pursuing a career as a paramedic. According, it was in the child's best interest to reside with the father. The circuit court expressly stated that he did not judge what the parents did on their own time, but having a romantic partner present with the child in the home overnight, and in the same room and bed with the child, was inappropriate.

We have consistently held that circuit courts can make custody determinations that include assessment of a parent's morality in the presence of the child. *Alphin v. Alphin*, 364 Ark. 332, 219 S.W.3d 160 (2005). It was not whether the mother in this case was in a heterosexual or homosexual relationship that resulted in her losing custody–it was her poor judgment and promiscuity in the presence of her child and the fact that the father provided a more stable home.

For these reasons, we cannot say the circuit court's finding that it was in the child's best interest to be placed in his father's custody was clearly erroneous. We affirm.

Affirmed.

GLOVER and BROWN, JJ., agree.

*Catlett Law Firm, PLC*, by: *Paul Charton*, for appellant.
*Robert A. Newcomb*, for appellee.