SLIP OPINION

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CV-13-1117

| | | |
|---|---|---|
| | | **Opinion Delivered** September 24, 2014 |
| MEAGAN HUNT ABO | | APPEAL FROM THE SALINE |
| | APPELLANT | COUNTY CIRCUIT COURT |
| | | [NO. 63DR-13-360] |
| V. | | |
| | | HONORABLE ROBERT LEO |
| | | HERZFELD, JUDGE |
| BART WALKER | | |
| | APPELLEE | AFFIRMED |

## KENNETH S. HIXSON, Judge

Appellant Meagan Hunt Abo appeals the August 2013 Saline County Circuit Court order titled, "Final Judgment of Paternity, Custody and Child Support" that established appellee Bart Walker's paternity and ordered that he would be the custodian of their daughter BW, born in March 2009. Appellant contends that the trial court erred by failing to recognize that custody was vested, as a matter of law, in the mother of this child born out of wedlock, and by failing to require appellee father to establish a material change in circumstances before awarding custody of BW to him. We affirm.

BW was born to appellant and appellee in March 2009. The three of them lived in appellee's house on Hummingbird Lane in Alexander, Arkansas. The parents were unmarried. Appellant was attending college classes, and appellee assisted with BW's care. The relationship between the biological parents ended in May 2012, and appellant moved in

August 2012 to a garage apartment owned by her parents. BW remained primarily with appellee, although the parties shared time with their daughter. In March 2013, appellee filed a petition to establish paternity in Saline County Circuit Court and asked for primary custody of BW, who continued to reside with him. Appellant responded, denying that BW should be in appellee's custody and noting that by statute she was the legal custodian. Appellant asked for a paternity test, primary custody, and child support. A subsequent DNA test confirmed that BW was appellee's biological child.

In May 2013, appellant married Daniel Abo, and she graduated from college. She took a full-time job as an English teacher for the Dumas School District, intending to move to Dumas or Monticello for the upcoming school year.

In July 2013, the circuit court entered an order establishing paternity, found that appellee had provided housing and support for BW since her birth, and found that appellant was entitled to summer visitation following a "temporary hearing" in June 2013.[1] This order noted that the visitation schedule was by agreement of the parties.

After a hearing on August 13, 2013, the circuit court entered a "Final Judgment of Paternity Custody and Child Support," which is the subject of this appeal. In the "Final Judgment," the circuit court found that appellee was the father of BW and had provided housing and support for her since her birth, that after the "permanent hearing," a standard visitation schedule would be established for appellant, that appellant would pay child support,

---

[1]Absent from the appellate record is any transcribed record of that June 2013 hearing. Notably, appellee father was to have custody, and appellant mother was to have visitation rights.

and that appellee was decreed to be "the legal father and custodian of BW." It is from this order that appellant filed a timely notice of appeal.

Appellant's first point on appeal is that the trial court erred in failing to recognize that, pursuant to Ark. Code Ann. § 9-10-113(a) (Repl. 2009), custody was vested in her as the mother of the child born out of wedlock. Subsection (a) provides:

> When a child is born to an unmarried woman, legal custody of that child shall be in the woman giving birth to the child until the child reaches eighteen (18) years of age unless a court of competent jurisdiction enters an order placing the child in the custody of another party.

Ark. Code Ann. § 9-10-113(a). We agree that subsection (a) provides that an unmarried mother is presumptively granted legal custody of the child at birth; however, subsection (a) does not entirely resolve the issue before us because a biological father may petition for custody if certain requirements are met, as provided in subsections (b) and (c) of that statute.[2] The appropriate inquiry is whether a court of competent jurisdiction has made an initial judicial determination of custody so as to trigger an additional requirement that the father seeking custody plead and prove a material change of circumstances, which is the basis of appellant's second point on appeal. This secondary requirement was established by the Arkansas Supreme Court in *Norwood v. Robinson*, 315 Ark. 255, 866 S.W.2d 398 (1993).

---

[2]Arkansas Code Annotated section 9-10-113(b) provides that a biological father may file a petition for custody if he has established paternity. Subsection (c) of the statute provides that a trial court may award custody of the child to the father if he proves by a preponderance that he is a fit parent; he has assumed responsibilities toward the child financially, physically, and emotionally; and it is in the child's best interest to award him custody. Subsection (d) states that if it is in the child's best interest, visitation shall be awarded in a way that ensures frequent and continuing contact between the child and both parents. Appellant does not contend that appellee father failed to establish the elements required by statute.

Appellee asserts, and we agree with him, that appellant never raised this issue to the trial court or obtained a ruling on it. The first time appellant presents the phrase "material change in circumstances" or any legal requirements about "material change in circumstances" is in appellant's brief on appeal. Thus, this asserted legal error is not preserved for appellate review. *See McNutt v. Yates*, 2013 Ark. 427, 430 S.W.3d 91; *Tipton v. Aaron*, 87 Ark. App. 1, 185 S.W.3d 142 (2004).[3]

Affirmed.

PITTMAN and WALMSLEY, JJ., agree.

*Cullen & Co., PLLC*, by: *Tim Cullen*, for appellant.

*Baker, Schulze and Murphy*, by: *Ruthanne Murphy* and *J.G. "Gerry" Schulze*, for appellee.

---

[3]Even if this argument had been preserved for our review, we would affirm based upon controlling precedent from our court. *See Brimberry v. Gordon*, 2013 Ark. App. 473; *Lane v. Blevins*, 2013 Ark. App. 270; *Donato v. Walker*, 2010 Ark. App. 566, 377 S.W.3d 437; *Hicks v. Cook*, 103 Ark. App. 207, 288 S.W.3d 244 (2008); *Harmon v. Wells*, 98 Ark. App. 355, 255 S.W.3d 501 (2007); *Sheppard v. Spier*, 85 Ark. App. 481, 157 S.W.3d 583 (2004).