Rosalie Tarvin Harris v. Gerald Wayne Tarvin

5-4884                                    439 S.W. 2d 653

Opinion Delivered April 21, 1969

*Robert D. Ridgeway* for appellant.

*Gladys Milham Wied* for appellee.

Lyle Brown, Justice.    To the union of Rosalie Tarvin and Gerald Wayne Tarvin, appellant and appel-

lee respectively, was born a son, age seven years at the time of the hearing from which this appeal stems. The parents were divorced in 1964 and the mother was awarded custody of the child, subject to certain visitation rights of the father. On petition of Gerald Wayne Tarvin in 1968, the court enlarged his visitation rights and the mother, now Rosalie Tarvin Harris, appeals. She contends (1) that visitation rights cannot be changed without a showing of change in circumstances which would justify a change of custody; (2) that a change in the visitation period was not pleaded; and (3) that the court abused its discretion in refusing to hear the mother's testimony.

The father's 1968 petition asked for a change in custody, alleging changed circumstances and seeking full custody for himself. Alternatively, he asked that he be given custody during the school term with the child going to the mother during the three months vacation.

When the father rested his case the mother's attorney moved that the father's petition be dismissed for failure to show changed circumstances. Before ruling on the motion the court declared a twenty minute recess. When court reconvened the chancellor announced that the custody order would not be modified but that the child would be permitted to visit the father for two months during the summer and one week during the Christmas holidays. That ruling constituted a substantial enlargement of the father's visiting privileges. At that point the mother had not rested her case and she immediately requested that she be permitted to present her evidence. That request was denied.

We can perceive that during the recess period the chancellor may have been advised of the nature of the evidence the mother would introduce; and since he believed that her evidence would not alter the chancellor's conclusion, he elected not to hear it. Yet if our perception of the occurrence is correct, still we cannot give

weight to it because it is not in the record. Absent a valid and recorded reason for refusing to permit the mother to put on her proof we have no alternative but to hold that the court erred. In her pleadings the mother controverted all the allegations made by the father; she announced ready for trial; and she was entitled to the opportunity to produce her evidence. According to the record that right was denied and without an opportunity to make proffer of proof.

Another of appellant's points is that the modification of *visitation* rights is not permitted unless there is sufficient change in circumstances to warrant change of *custody*. With that argument we cannot agree. Visitation rights may be modified upon a proper showing that it is a change to which the petitioning parent is reasonably entitled because of changed circumstances pertinent to visitation; and also, that the welfare and best interest of the child dictate a change. A number of cases approving that rule are found in the 1968 cumulative supplement to Nelson on Divorce, § 15.27 (Rev. 1961).

Finally it is argued that the modification of visitation rights was improper in that the father did not make a specific plea therefore. He pleaded alternatively that custody be changed to the father and that the mother have the child during summer vacation. That plea placed the visitation privilege in issue. Secondly, the primary consideration of the court is the welfare of the child and its best interest cannot be thwarted by a minor technical error in a pleading, if in fact it did exist.

Appellant requests this court to award attorney's fee and costs incident to this appeal. The amount is fixed at $150.00. To enforce his visitation rights in 1968 the father was compelled to sue out a writ of habeas corpus in Gilmer, Texas. Certainly that expense could have been avoided had the mother cooperated. For that reason we have not fixed the amount at a sum which

would have been otherwise justified.

For the error indicated the decree is reversed and the cause remanded.