Bridgette Ann KENNEDY *v.* Jerry Millard KENNEDY

CA 86-181                                      715 S.W.2d 460

Court of Appeals of Arkansas
Division I
Opinion delivered September 17, 1986

*Skokos, Simpson, Buford, Graham & Rainwater, P.A.*, for appellant.

*Hubert W. Alexander*, for appellee.

GEORGE K. CRACRAFT, Chief Judge. Bridgette Ann Kennedy Van Nostrand appeals from an order of the chancery court enlarging the visitation rights of Jerry Millard Kennedy with their minor child. She contends that the order was an unauthorized change of permanent custody. We agree.

Jerry Millard Kennedy and Bridgette Ann Kennedy were divorced in 1981 by a decree which awarded permanent custody of a five-month-old child to its mother with defined reasonable visitation in the father. The custodial order was modified by agreement twice in 1982. By an order dated December 14, 1982, permanent custody of the child was placed in the mother subject to the father's visitation on alternate weekends and during a six-week period during the summer. The father was ordered to pay $30.00 per week for support of the child.

In April of 1985 the father filed a petition seeking a change of permanent custody based on allegations of material changes in circumstances which affected the best interest of the child. After a hearing on that petition the chancellor expressly found that there had been no such material change in circumstances as would warrant a change in custody but that the child's best interest required an enlargement of the father's visitation to Monday through Friday for three weeks plus one weekend each month. The mother's period of custody was reduced to Monday through Friday one week per month and three weekends per month.

There was no evidence that the mother was not adequately tending to the child's physical and emotional needs or that her home was not stable and financially secure. Both parties agreed that the mother's arrangements for the child's kindergarten and day care were satisfactory and that the child was well cared for while in her custody. There was evidence that the appellee had remarried and divorced twice since 1981, that he had slept with women in his home while the child was present and permitted

others to do so. The appellee asserted that due to his vastly improved financial condition he was able to hire additional employees, work less himself, and therefore spend more time with the child than the mother was presently able to spend.

■ The appellant brings this appeal relying on our well-settled rule that a change of custody cannot be ordered unless there had first been established a material change in the circumstances which affects the child's best interest or a showing of facts affecting that best interest which were not presented to or known by the court at the time the custodial custody order was entered. *Watts* v. *Watts*, 17 Ark. App. 253, 707 S.W.2d 777 (1986); *Greening* v. *Newman*, 6 Ark. App. 261, 640 S.W.2d 463 (1982); *Harris* v. *Tarvin*, 246 Ark. 690, 439 S.W.2d 653 (1969). She argues that the court's order is in fact a change in permanent custody contrary to our announced rule rather than a mere modification of visitation rights. The appellee does not contend that the chancellor's finding that there was not such a material change affecting the interest of the child which would warrant a change in custody was erroneous. He contends that the court was merely exercising its discretion to make such adjustments in visitation as recent circumstances may have indicated. *Robbins* v. *Robbins*, 231 Ark. 184, 328 S.W.2d 498 (1959); *Myers* v. *Myers*, 226 Ark. 632, 294 S.W.2d 67 (1956). The narrow issue for us to decide is whether the order appealed from constitutes an impermissible change of permanent custody or a mere clarification or modification of visitation rights.

■ We agree with the statement of the Texas court in *Leaberton* v. *Leaberton*, 417 S.W.2d 82 (Tex. Civ. App. 1967), that it is as impossible to draw an exact line marking a change from one color to another in a rainbow as it is to draw an exact line marking the change from visitation to a modification of custody in cases involving children. There is a time, however, when the difference is apparent and must be recognized. We shall not attempt to point out the exact dividing line distinguishing the two but have no doubt that this case involves a change in permanent custody and not a mere change in visitation privileges regardless of the terminology used in the order.

■ Nor can we conclude that the finding that the welfare of the child would be served by increasing the appellee's visitation is

well founded. The main thrust of appellee's testimony was that he had recently made such an advantageous contract with the Little Rock Air Force Base that he was now able to hire others to do much of the work he once did. This he testified would permit him to spend more time with the child in the afternoons than the mother now does. The mother was working at two jobs to supplement the $30.00 per week the father contributed to the child's support. There was no criticism of the kindergarten and day care she provided for the child at her church. If it was deemed better for the child not to be in a day care, which no one contended, that result could as readily have been obtained by ordering an increase in child support in lieu of hiring the additional workers at the father's place of business.

In view of the evidence and the chancellor's finding that there had been no material change in circumstances warranting a change in custody, we hold that the order of the court was an unauthorized change of custody which should be reversed.

Reversed.

GLAZE and MAYFIELD, JJ., agree.