Betty Castle JONES, Personally and as Executor of the
Estate of D.J. Jones, Deceased *v.* Roger JONES, et al.

CA 88-186                                    770 S.W.2d 174

Court of Appeals of Arkansas
Division II
Opinion delivered May 10, 1989

*Cross, Kearney & McKissic*, by: *Jesse L. Kearney*, for appellant.

*Ben Johnson III*, for appellee Roger Jones.

*Jones & Petty*, for appellee Pine Bluff National Bank.

JUDITH ROGERS, Judge. This appeal involves a dispute over the ownership of a certificate of deposit purchased by D.J. Jones from appellee Pine Bluff National Bank. D.J. Jones died on February 25, 1987, and his widow, appellant Betty Castle Jones, is contesting the chancellor's decision determining that a mutual mistake had been made and reforming the certificate of deposit to indicate that the decedent's son, appellee Roger Jones, was the payee instead of appellant. Appellant raises six points for reversal. We find no error and affirm.

On March 29, 1985, D.J. Jones purchased three certificates of deposit from Pine Bluff National Bank: (1) #9649 in the sum of $8,000 and payable to D.J. Jones or Betty Jones; (2) #9650 in the sum of $8,000 and payable to D.J. Jones or Roger Jones; and (3) #9651 in the sum of $2,000 payable to D.J. Jones or Betty Jones. All three certificates of deposit matured on March 29, 1986, and D.J. Jones returned to the bank on March 31, 1986. He left with three certificates of deposit: (1) #10912 in the sum of $8,000; (2) #10913 in the sum of $8,000; and (3) #10915 in the sum of $2,000. All three of the originals that he took with him were in the names of D.J. or Betty Jones.

Appellant went to the bank to cash in the certificates of deposit on April 27, 1987. The bank refused to pay #10913, the replacement of #9650, since its records indicated that Roger Jones was the payee. The bank filed this action for interpleader in chancery court for the determination of the rightful ownership of certificate #10913.

Appellant's first argument on appeal is that the evidence was insufficient to support a decree for reformation. Reformation is an equitable remedy which is available when the parties have reached a complete agreement but, through mutual mistake, the terms of the agreement are not correctly reflected in the written instrument purporting to evidence that agreement. *Delone* v. *U.S.F. & G.*, 17 Ark. App. 229, 707 S.W.2d 329 (1986). In reformation cases, the burden of proof is by clear and convincing evidence. *Turner* v. *Pennington*, 7 Ark. App. 205, 646 S.W.2d 28 (1983). However, we review the evidence to determine whether the chancellor's finding that the disputed fact was proved by clear and convincing evidence is clearly erroneous. *Akin* v. *First Nat'l Bank*, 25 Ark. App. 341, 758 S.W.2d 14 (1988); *Freeman* v. *Freeman*, 20 Ark. App. 12, 722 S.W.2d 877 (1987).

In a well-reasoned and thorough opinion, the chancellor found that a mutual mistake was made by D.J. Jones and the bank. The chancellor quoted extensively from the deposition of Emma Lou Bennett, the bank employee who waited on Mr. Jones on March 31, 1986. Ms. Bennett testified that Mr. Jones came in and stated that he wanted the certificates of deposit renewed. Ms. Bennett further testified that this was his only instruction and that he did not tell her of any changes that he wanted made in

them. Ms. Bennett further stated that the name change from D.J. or Roger Jones to D.J. or Betty Jones on #10913, which replaced #9650, was evidently a typographical error. She related that she went to lunch after Mr. Jones left, and upon her return from lunch, she was told to see her supervisor, Jan Mills. Ms. Bennett stated that Ms. Mills told her that she had typed the wrong name on one of the certificates of deposit and that Mr. Jones would bring it in the next day and have it corrected.

Mr. Jones never returned the certificate of deposit to the bank for correction. The copy of the certificate of deposit in the bank's possession was changed to indicate that it was payable to D.J. Jones or Roger Jones, while the original in the decedent's possession remained unchanged.

The chancellor considered extensive testimony and apparently believed that of Ms. Bennett. The mistake of a draftsman, whether he is one of the parties or merely a scrivener, is adequate grounds for relief provided only that the writing fails to reflect the parties' true understanding. *Kohn* v. *Pearson*, 282 Ark. 418, 670 S.W.2d 795 (1984). As the court stated in *Akin*, 25 Ark. App. at 346, 758 S.W.2d at 17 (1988), "[t]he fact that it was a bank employee who drafted the instrument wrong, does not render the mistake a unilateral one in a legal sense." We defer to the chancellor's superior position to evaluate the evidence and cannot say that he was clearly wrong in finding that a mutual mistake had been established by clear and convincing evidence. Ark. R. Civ. P. 52(a).

Appellant's second argument for reversal is that the trial court erred in admitting evidence at trial to establish what the decedent intended, since the certificate of deposit was purchased pursuant to Ark. Code Ann. § 23-32-1005 (1987). At trial, evidence of the decedent's intent was admitted without objection, specifically the deposition of Emma Lou Bennett. We have long held that assignments of error may not be raised for the first time on appeal. *Wasp Oil Inc.* v. *Ark. Oil & Gas, Inc.*, 280 Ark. 420, 658 S.W.2d 397 (1983). Even so, we note the statute cited by appellant refers to the creation of a survivorship interest in a deposit or certificate of deposit. No one has argued that a survivorship interest was not created and there is no authority indicating that the equitable remedy of reformation is barred by

this statute.

Appellant's third point for reversal is that the court's decree is not supported by any pleadings of the parties. At trial, appellee Roger Jones moved to amend the pleading to conform to the proof to include the theory of contract reformation. The chancellor asked appellant if she had any objections. Appellant replied that she had none. Appellant cannot now complain after waiving any objection. It is well settled that an objection not raised in the trial court cannot be raised for the first time on appeal. *Gregory* v. *Gordon*, 243 Ark. 635, 420 S.W.2d 825 (1967). Therefore, the decree is supported by the pleadings as amended.

Appellant's fourth point of asserted error is that the bank is barred by the equitable doctrines of estoppel and laches from the relief given. Laches and estoppel are affirmative defenses which must be pled. *Beeson* v. *Beeson*, 11 Ark. App. 79, 667 S.W.2d 368 (1984). From our review of the record before us, appellant neither pled nor even raised this defense before the chancellor and we need not consider this argument on appeal.

Appellant's fifth point on appeal is that even if there was a mutual mistake, it was ratified as written. The chancellor found that there was no credible evidence that would indicate that D.J. Jones ever intended for anyone other than his son, Roger Jones, to have the disputed certificate at the time of his death. We cannot say that finding was clearly erroneous.

Finally, appellant argues that the court erred in failing to grant appellant's motion testing the sufficiency of the evidence at the close of the appellee bank's case. In equity cases, a party may challenge the sufficiency of the evidence at the conclusion of the opponent's evidence by moving either orally or in writing to dismiss the opposing party's claim for relief. Ark. R. Civ. P. 50(a). However, in a non-jury trial, a party who does not challenge the sufficiency of evidence does not waive the right to do so on appeal. *Harpole* v. *Harpole*, 10 Ark. App. 298, 664 S.W.2d 480 (1984). As we have already discussed, upon review of the sufficiency of the evidence, we cannot say that the chancellor's decision was clearly erroneous. Ark. R. Civ. P. 52. In moving to challenge the sufficiency of the evidence, appellant seemed to argue that the appellee bank had offered insufficient evidence to support a finding that it was entitled to bring an action for

interpleader. We note that the bank's interpleader action was brought to avoid double liability for payment of the certificate of deposit. Such action was available under Ark. R. Civ. P. 22, which generally provides that persons having claims against the plaintiff may be joined as defendants and required to interplead when their claims are such that the plaintiff is or may be exposed to double or multiple liability. Therefore, we cannot say that an interpleader was improper for the bank to use to determine who was the correct payee, nor are we able to say that the chancellor's decision granting reformation was clearly erroneous.

AFFIRMED.

JENNINGS and MAYFIELD, JJ., agree.