Leslie N. DeMoss LEONARD *v.* Gregory L. STIDHAM

952 S.W.2d 189

Court of Appeals of Arkansas
Division II
Opinion delivered October 1, 1997

*Clark Law Firm*, by: *Greg Clark*, for appellant.

*Xollie Duncan*, for appellee.

JOHN MAUZY PITTMAN, Judge. The parties are the parents of J.D., a minor child. When J.D. was approximately one year of age, an order was entered establishing appellee's paternity and vesting custody of J.D. in appellant. This custody order was made subject to detailed provisions setting out the specific time, date, and manner in which appellee's visitation would be exercised. Shortly after J.D.'s second birthday, an order was entered altering the visitation schedule to conform with the chancellor's opinion "that each parent is entitled [to] up to one-half of the child's free time." This appeal followed.

For reversal, appellant contends that the chancellor erred in ordering a modification of visitation absent a finding that there had been a material change of circumstances since the entry of the prior order. We agree, and we reverse and remand.

Modification of visitation rights is not permitted unless there is a sufficient change in circumstances pertinent to visitation. *Harris v. Tarvin*, 246 Ark. 690, 439 S.W.2d 653 (1969). In the case at bar, the chancellor candidly stated that no such change in

circumstances had taken place. Instead, stating that he was clarifying his earlier decree by defining the meaning of a clause allowing for visitation at "other reasonable times arranged by the parties," the chancellor radically altered the visitation schedule to allow each parent one-half of the child's free time.

Although disagreements between the parties concerning the extent of visitation authorized by an indefinite decree may be resolved by setting out definite visitation rights, *Haller v. Haller*, 234 Ark. 984, 356 S.W.2d 9 (1962), the original decree in the case at bar was neither indefinite nor ambiguous. To the contrary, the visitation provisions of the prior order, consisting of over two typewritten pages, were much more definite and clear than were the provisions contained in the order appealed from.

We are not bound by the terminology used by the chancellor to describe his order. *See Kennedy v. Kennedy*, 19 Ark. App. 1, 715 S.W.2d 460 (1986). Although characterized as a clarification of the prior order, the order appealed from is clearly a significant modification of visitation rights in the absence of a material change in circumstances. Consequently, we reverse and remand with directions to reinstate the original decree.

Reversed and remanded.

STROUD and NEAL, JJ., agree.