Catherine TILLERY *v.* Carroll EVANS

CA 98-1070 991 S.W.2d 644

Court of Appeals of Arkansas
Divisions I and II
Opinion delivered June 9, 1999

*Law Offices of Susan A. Fox*, by: *Susan A. Fox*, for appellant.

*Cochran, Schneider & Croxton, P.A.*, by: *Mary M. White Schneider*, for appellee.

J OSEPHINE LINKER HART, Judge. The appellant, Catherine Tillery, appeals from the chancery court's order granting the appellee, Carroll Evans, additional visitation with their minor child. The appellant argues that the chancery court erred when it increased the appellee's visitation rights when such relief was not prayed for in the appellee's petition and when there was no proof of a significant change in circumstances. While her first argument was not preserved for appellate review, we find her second argument meritorious and reverse and remand for proceedings consistent with this opinion.

The appellant and the appellee are the biological parents of Macy Evans, who was born on June 7, 1995. On May 9, 1996, the appellee filed a complaint seeking custody of Macy, subject to reasonable visitation for the appellant. The appellant, on May 15, 1996, filed a counterpetition to establish paternity in which she claimed that she was the appropriate party to have custody of Macy, subject to reasonable visitation for the appellee. An agreed order of paternity was entered on August 6, 1996, that granted custody of Macy to the appellant and specifically set out the appellee's visitation. The visitation included alternating weekends, certain alternating holidays (which included Easter), Christmas Day to December 30 of each year, Father's Day, one week during the months of July and August, and other times mutually agreed to by the parties.

On April 22, 1998, the appellee filed a petition requesting that the appellant be cited for contempt, for allegedly violating his Easter holiday visitation. In this petition, the appellee also sought a change of the custody of Macy, alleging that the appellant's behavior was erratic, that he believed the appellant was abusing drugs or alcohol, and that she was residing with a brother-in-law who abused his own wife and children. On April 23, 1998, the court entered an order setting a temporary hearing for May 5, 1998, for the appellant to show cause why she should not be held

in contempt for her failure to comply with the court's prior visitation order.

At the hearing, the appellee testified and then called the appellant. After the appellee's counsel questioned the appellant on direct examination, the court remarked that it had "heard enough" and dismissed the appellee's petition. The court further stated, "If you want to try again and have some factual basis for your claim, a change of circumstances, then you will be free to do that within ten days." The court further stated, "[I]f you find that the child is in danger of being some place in some one particular person's company and you can state the factual basis for that then you may have a cause of action." It further remarked, "I don't see anything wrong with either parent that's been shown to exist here." The court, however, further ordered, as stated in an order entered May 22, 1998, that "the child's visitation shall be as ordered in the original Order of Paternity dated the 6th day of August, 1996, which shall include the Court's standard visitation which allows that each party is entitled to one-half ($^{1}/_{2}$) of the child's free time to be spent with each parent until or upon such time as the child becomes school age and begins attending public school."

■ The appellant first argues that the chancery court erred in increasing the appellee's visitation with Macy when he did not request such relief in his petition for contempt. That argument, however, was not made below. Consequently, it was not preserved for appellate review. *See, e.g., Jones v. Jones,* 27 Ark. App. 297, 770 S.W.2d 174 (1989).

■ Citing *Leonard v. Stidham,* 59 Ark. App. 5, 952 S.W.2d 189 (1997), in which this court reversed an identical modification order, the appellant argues that the chancery court erred when it radically increased the appellee's visitation rights when there was not any proof of a significant change in circumstances. In a nonjury trial, a party who does not challenge the sufficiency of evidence does not waive the right to do so on appeal. *Jones, supra.* In reviewing chancery court's findings of fact, we give due deference to its superior position to determine the credibility of the witnesses and the weight to be accorded their

testimony and do not reverse unless the court's findings were clearly erroneous. *Reaves v. Reaves*, 63 Ark. App. 187, 975 S.W.2d 878 (1998). Modification of visitation rights is not permitted unless there is a sufficient change in circumstances pertinent to visitation. *Leonard, supra.* We indulge in the presumption that the trial court acted properly and made the findings necessary to support its judgment. *Jocon, Inc. v. Hoover*, 61 Ark. App. 10, 964 S.W.2d 213 (1998).

 Here, the court summarily dismissed a petition that alleged that the appellant was acting erratically, was abusing drugs or alcohol, and was residing with a brother-in-law who abused his own wife and children. After it dismissed the petition, it remarked that the parties should "state the factual basis" if Macy was in danger in a particular person's company and that there was not "anything wrong" with the appellant. In view of the court's dismissal of the petition and its remarks, there were not sufficient facts from which the court could determine that there was a change in circumstances supporting the modification of visitation. *See Leonard, supra* (the chancery court erred in making a significant modification of visitation rights in the absence of a material change in circumstances). The modifications by the chancellor were clearly erroneous, and we reverse and remand for proceedings consistent with this opinion.

Reversed and remanded.

ROAF and GRIFFEN, JJ., agree.

ROGERS, J., concurs.

PITTMAN and JENNINGS, JJ., dissent.

JUDITH ROGERS, Judge, concurring. I concur in the result to reverse and remand this case. I point out, however, that the chancellor cut off the hearing and testimony in this case and stated he would hold a hearing in ten days. Instead, the chancellor handed down a decision and did not allow appellant to put on her case-in-chief. Thus, I believe that the case should be reversed and remanded for a full hearing.

JOHN MAUZY PITTMAN, Judge, dissenting. I dissent from the majority's holding that there was no proof of a signifi-

cant change in circumstances to support a modification of visitation. The parties are the parents of a child born in 1995. Although the parties have never been married, the child was born while appellant was cohabiting with appellee in appellee's house. Some time after the child's birth, the parties briefly separated. Appellant moved away from appellee's home, paternity was established, and an order providing for child support and visitation was entered. This is the visitation order that was modified by the chancellor in the present case. Since that order was entered, appellant returned to appellee's home, cohabited for a time, and left again. She and the child are currently living with relatives. Appellee has remained in the home where the child has lived for all but four months of her life.

The majority appears to have concluded that, because the chancellor did not find a sufficient change of circumstances to support a change of custody, there was therefore no proof of a change of circumstances relating to visitation. This conclusion is in error. Our supreme court has held that, although it is necessary to establish that there are changed circumstances pertinent to visitation in order to modify visitation rights, it is not necessary to establish the same degree of changed circumstances that would be necessary to warrant a change of custody. *Harris v. Tarvin*, 246 Ark. 690, 439 S.W.2d 653 (1969). The chancellor's comments regarding the absence of sufficient proof to justify a change of custody therefore have no bearing on the question of whether the circumstances have changed sufficiently to support a modification of visitation.

The record shows that, since the previous visitation order was entered, appellant moved out of appellee's home and, together with the child, went to live in the home of a relative under circumstances that are crowded and less than ideal. There was evidence to show that the environment and influences at appellant's current residence are detrimental to the best interest of the child. These facts quite clearly establish that there has been a substantial change of circumstances sufficient to warrant increased visitation. *See Norwood v. Robinson*, 315 Ark. 255, 866 S.W.2d 398 (1993).

I respectfully dissent.

JENNINGS, J., joins in this dissent.