Teresa Dawn BROOKS *v.* Stephen Wayne BROOKS

CA 03-793                                      185 S.W.3d 130

Court of Appeals of Arkansas
Division III
Opinion delivered June 16, 2004

*Mason Law Firm*, by: *Chadd Mason*, for appellant.

*Sexton Law Firm*, by: *Jane Watson Sexton*, for appellee.

WENDELL L. GRIFFEN, Judge.   Teresa Brooks appeals the trial court's modification of her original decree of divorce and child custody and visitation agreement. Appellant argues that the circuit court erred in finding that a material change in circumstance occurred by virtue of the Fourth Judicial District's adoption of a new "suggested visitation schedule." As a result of the change, the court modified appellant's visitation agreement. We hold that subsequent adoption by the court of a new visitation schedule was not a material change of circumstance to justify the modification of the divorce decree and child visitation agreement. Thus, we reverse and remand this case for further proceedings consistent with this decision.

Appellant and appellee Stephen Brooks were divorced in the Washington County Circuit Court on July 10, 1998. Appellant and appellee had three minor children, Jerrod, Lauren, and Jacob Brooks. Appellant was given full custody of Lauren and Jacob, and appellee was given full custody of Jerrod. The divorce decree included the following language concerning visitation:

> Visitation shall be in accordance with this Court's standard visitation order. Visitation dates are to be arranged in such a manner as to permit all of the children to be together with each of the parties during each visitation session.

The parties exercised visitation pursuant to the court's standard visitation order for five years. While under the standard visitation schedule ("old schedule"), appellant and appellee did not have any problems. They were able to work around difficult situations, such as baseball practices, under the old schedule. From the first of March until July, appellant allowed appellee to have an additional hour and thirty minutes of visitation four days out of the week so that he could coach their son's baseball team.

Under the old schedule, appellant also modified visitation to accommodate appellee for hunting and fishing reasons. In addition, she allowed him to spend additional time with their son Jacob. Appellant also allowed appellee to spend time with the children when she and her husband went out of town. Under the old ·schedule, appellee did not exercise any of his visitation between August and October for the two years preceding the hearing because he was busy with his business.

In June 2002, the Fourth Judicial District, of which Washington County Circuit Court is a member, adopted a new suggested visitation schedule. On February 6, 2003, appellee filed a petition for modification in which he requested that his visitation order be modified so as to allow him visitation pursuant to the new suggested visitation schedule that was adopted in June 2002. According to appellee, no change of circumstances occurred over the six-month period before he filed for modification. Appellee opined that the change of circumstance was the fact that the court came up with a new visitation schedule. The new schedule would allow him to spend more time with his children, and he suggested that additional time with him would be in the children's best interest.

Appellant opposed the new visitation schedule, but on May 23, 2003, the trial court granted appellee's petition for modification, finding that the trial court's adoption of a revised suggested visitation schedule constituted a material change in circumstances. The trial court found that the revised suggested visitation schedule was analogous to Administrative Order No. 10 concerning child support guidelines, in that the adoption of new guidelines constituted a material change in circumstances. This appeal resulted.

■ The standard of review in this case is *de novo*, but we will not reverse the trial court's findings unless they are clearly erroneous or clearly against the preponderance of the evidence. *Thompson v. Thompson*, 63 Ark. App. 89, 974 S.W.2d 494 (1988). A finding is clearly erroneous when, even though there is evidence to support it, the appellate court is left with the definite and firm conviction that a mistake has been made. *Burnette v. Perkins & Assoc.*, 343 Ark. 237, 33 S.W.3d 145 (2000).

■ We use a rigid standard to determine whether a material change of circumstances exists to justify modification of a visitation order. Modification of visitation rights is not permitted unless there is a sufficient change in circumstances pertinent to visitation. *Leonard v. Stidham*, 59 Ark. App. 5, 952 S.W.2d 189 (1997). Disagreements between the parties concerning the extent of visitation authorized by an indefinite decree may be resolved by setting out definite visitation rights. *Id.*

This case does not involve an indefinite decree concerning the extent of visitation. The parties' divorce decree explicitly states, that "[v]isitation shall be in accordance with this court's standard visitation order. Visitation dates are to be arranged in such a manner as to permit all of the children to be together with each of the parties during each visitation session." The court's standard visitation order set out a detailed visitation schedule for the non-custodial parent. The following is an example of the provisions under the old schedule:

> 1. Alternate weekends commencing at 6:00 p.m. Friday and continuing until 6 p.m. Sunday except that all special, holiday and summer visitation as hereinafter set forth shall take precedence. Alternate weekend visitation missed due to conflicts with special, holiday or summer visitation will not be made up.
>
> 2. Thanksgiving–Even numbered years, commencing at 6:00 p.m. Wednesday before Thanksgiving and continuing until 6:00 p.m. Sunday.
>
> 3. Christmas–Odd numbered years commencing at 6:00 p.m. on the day school dismisses for the Christmas break and continuing until 10:00 a.m. Christmas Day. In even numbered years, commencing at 10:00 a.m. Christmas Day and continuing until 6:00 p.m. the day before school starts.

Neither party testified that he or she did not understand the visitation schedule. To the contrary, there was testimony from appellee that

visitation under the old visitation schedule was successful. The parents were working well together, and there were no complaints concerning visitation. Appellee filed for modification because he favored the new visitation schedule recently adopted by the Fourth Chancery Circuit Court and because the new schedule would allow him to spend more time with his children. According to appellee, there was no change in circumstance leading up to his modification motion, but the court's adoption of a new visitation schedule constituted a material change.

The court held that the standard visitation order was replaced in July 2002 with a new "suggested visitation order," and the change from the former "standard visitation order" to the current "suggested visitation schedule" constituted a major change in circumstances with respect to visitation in the instant case. At the hearing, the trial judge commented,

> I consider this schedule just like Administrative Order No. 10 says, anytime the Child Support Charts are changed, that, in and of itself, is a material change of circumstances. This schedule is a material change of circumstances in my opinion.

The trial judge was incorrect. There are intrinsic differences between the Fourth Judicial District's adoption of a new visitation schedule and a change in child support guidelines. First of all, the supreme court adopted Administrative Order Number 10 because the child-support guidelines were subject to change at least every four years. In addition, the child support guidelines are applicable throughout Arkansas and provide consistency among the courts.

Decisions regarding changes in visitation should be based on what has changed in the lives and conduct of the parties and how such changes affect the best interest of the children involved. The change ordered in this case had nothing to do with the lives and conduct of the parties. Therefore, the court's decision was clearly erroneous. We reverse and remand for proceedings consistent with this opinion.

Reversed and remanded.

HART and ROAF, JJ., agree.