Cite as 2026 Ark. App. 37

# ARKANSAS COURT OF APPEALS
## DIVISION III
### No. CV-25-40

| | |
|---|---|
| RENEE ANNE HENDERSON<br>APPELLANT<br><br>V.<br><br>ROBERT HENDERSON<br>APPELLEE | Opinion Delivered January 21, 2026<br><br>APPEAL FROM THE FULTON COUNTY CIRCUIT COURT [NO. 25DR-23-16]<br><br>HONORABLE DON MCSPADDEN, JUDGE<br><br>REVERSED AND DISMISSED |

**ROBERT J. GLADWIN, Judge**

Appellant Renee Henderson appeals the October 28, 2024 order of the Fulton County Circuit Court changing custody of the parties' two minor children, MC1 and MC2, to appellee Robert Henderson. Renee argues that the circuit court clearly erred by awarding custody to Robert after expressly finding that no material change of circumstances had occurred since the original custody determination. We agree and reverse and dismiss.

I. *Facts and Procedural History*

The parties were divorced by a final decree of divorce entered in Grayson County, Texas, in June 2022 following a jury trial. The decree awarded Renee primary custody of MC1 and MC2; granted Robert visitation on the first, third, and fifth weekends of every

month;[1] and ordered Robert to pay child support. The decree designated Renee as the "Sole Managing Conservator" and provided separate schedules in the event that Robert lived fifty miles or less from the children or more than one hundred miles from the children. At the time of the divorce, Renee was living in Grayson County, Texas, and Robert was living forty-five minutes away in Durant, Oklahoma.

In August 2022, Renee relocated with the children to Salem, Arkansas. Thereafter, competing pleadings were filed in the Fulton County Circuit Court. On February 27, 2023, Renee filed a petition seeking modification of visitation based largely on the logistical difficulties associated with the distance between the parties' residences. Robert timely responded and subsequently filed a petition seeking a citation of contempt and change of custody on April 14.

The matter proceeded to a final hearing on October 22, 2024. The circuit court heard extensive testimony from both parties as well as testimony from Lindsey Wiseman (a Salem school administrator). At the close of the evidence, the circuit court ruled from the bench that Renee had failed to prove that a material change in circumstances had occurred since the original custody determination, stating,

> [T]his case kind of baffles me for the simple reason it got filed, because unless the Supreme Court changed something in the middle of the night, what you have to show is a material change in circumstance. And I can pretty much assure you that material change in circumstance, the only reason I heard why they came back to Arkansas was the love for the farm. And I'm going to rule, as a matter of law, that *that is not a material change in circumstance*. This case should not have been brought by the

---

[1]The decree also provided for a midweek visitation on Thursday evenings if the parties lived within fifty miles of each other.

Petitioner. *So, on one side we have the legal argument, the other side we have best interest, which I can't even get to at this particular point. But I don't think it's in the best interest for these children to travel seven hours in one day for visitation. The only option that I see open at this particular point is a change in custody.* That would be to change custody to the Respondent, because he has offered evidence that he is able to take care of these children, and the Petitioner has completely failed in her presentation of evidence and the material change in circumstance. Even if you move to Little Rock or Mountainburg or Jonesboro, you have to show why that is a material change. And most often that I see you have a bunch of reasons, which may be the schooling for the children, better job opportunities because a lot of the smaller towns don't have the job opportunities that the larger towns have, and multiple reasons—multiple, multiple reasons like that. But you don't come in here and say, well, we had a love for the farm, so we moved so many hundred miles to come up here and live, and quit our jobs and live off the land, or whatever. You know, that's not Arkansas law. *The only other thing I could do is change up the visitation substantially. But I think based on—right now, that based on the testimony that's been presented today in this court, I'm going to change custody. The custody is going to be awarded to the Respondent.*

(Emphases added.) After the circuit court announced its ruling, Renee's attorney asked if she "ha[d] to make something in the record for appeal." The circuit court responded,

No, you just appeal it. But, you know, still *you have to have proof of material change in circumstance*, and I can swear to you that no court is going to come back and say—the only thing that was given to me, and you never asked the question, you never touched on it when I asked her, because I wanted to—if she had a reason, and her reason was the love of the farm. The love of the farm was the only reason she gave me. We never talked about how this is going to benefit the children coming to Fulton County, what the difference was. We never talked about any issues. So, *you left me with no choice.*

(Emphases added.) The court imputed income of $50,000 a year to Renee "based on what she has testified to that she [has the] ability to earn" and ordered her to pay child support.

On October 28, the circuit court entered a written order in which it expressly found that "there is no change of circumstances" and yet concluded that "it is in the best interests of the minor children that sole custody be placed with the Defendant, Robert Henderson."

3

The court based its best-interest finding on "concerns about the Plaintiff's motives for filing this modification as well as her refusal to provide the Defendant with information that was required of her in the original Decree of Divorce." The order stated that "neither [Renee] nor her new husband work, and the school records indicate she cannot get the children to school on time in the morning." The order also found that Robert "ha[d] purged himself of any of the claimed matters of contempt." It determined that Renee should pay all orthodontic charges incurred to date because she "refus[ed] to provide proof of the expense." The order awarded Robert primary custody of the children and ordered Renee to pay $583 in monthly child support. The court continued the previous monthly weekend visitation schedule but switched that visitation to Renee instead of Robert. The court made the Crawford County Sheriff's Office in Van Buren, Arkansas, the exchange location. On October 31, Renee filed a timely notice of appeal from the circuit court's custody order.

II. *Standard of Review and Applicable Law*

We review child-custody cases de novo, but we will not reverse a circuit court's findings of fact unless they are clearly erroneous. *Redman v. Redman*, 2024 Ark. App. 562, 701 S.W.3d 40. A finding is clearly erroneous when, although there is evidence to support it, the reviewing court is left with a definite and firm conviction that a mistake has been made. *Id.*

Arkansas law is well settled that a change of custody is a two-step process. First, the circuit court must determine whether a material change in circumstances has occurred since the last custody order. Second, if that threshold requirement is met, the court must then

4

consider whether a change of custody is in the child's best interest. *Id.*; *see also Reynolds v. Reynolds*, 2024 Ark. App. 229, 687 S.W.3d 584 (stating that if the threshold requirement of a material change in circumstances is not met, the court does not proceed to a best-interest analysis). This threshold requirement is mandatory. *Id.*; *see also Moore v. Moore*, 2010 Ark. App. 131.

### III. *Discussion*

Here, the circuit court explicitly found—both from the bench and in its written order—that no material change in circumstances had occurred since the original custody determination. The court stated that Renee's reasons for seeking modification "as a matter of law" did not constitute a material change and that it could not "even get to" best interest.

That finding is unambiguous. This is not a case in which the circuit court failed to make findings or one in which this court is asked to infer a material change from the record. Rather, the circuit court affirmatively found that no material change existed.

Despite its express finding, the circuit court proceeded to change custody on the basis of its view of the children's best interest. This was clearly erroneous. Our court has long held that when a circuit court determines that no material change in circumstances has occurred, it may not reach the best-interest prong or modify custody. *Leonard v. Stidham*, 59 Ark. App. 5, 952 S.W.2d 189 (1997) (reversing modification of visitation where circuit court candidly stated no change in circumstances had occurred); *Kennedy v. Kennedy*, 19 Ark. App. 1, 4, 715 S.W.2d 460, 462 (1986) (holding that a custody change entered after the circuit court found that there had been no material change in circumstances was "an unauthorized change of

5

custody" that must be reversed). We have specifically held that, under such circumstances, the appropriate disposition is reversal. *Moore*, *supra* (declining to reach best interest where material change was not shown).

The circuit court's written order underscores the error. Paragraph four states that no change of circumstances existed "that would even allow the Court to get to what is in the best interests of the minor children." Yet paragraph six purports to make a best-interest determination and awards custody to Robert. These findings are legally irreconcilable.

Because the circuit court expressly found that no material change in circumstances had occurred since the original custody determination, it was foreclosed from considering the children's best interest and deprived of authority to modify custody. The circuit court's decision to move forward with changing custody to Robert was clearly erroneous. Accordingly, we reverse and dismiss the October 28, 2024 order and reinstate the custody provisions of the original divorce decree.

Reversed and dismissed.

BROWN, J., agrees.

KLAPPENBACH, C.J., concurs.

**N. MARK KLAPPENBACH, Chief Judge, concurring**. Even if we read the circuit court's finding of no material change to apply only to Renee's petition to modify visitation, and not Robert's petition to modify custody, the court's order should still be reversed. If we presume the court found that Robert had proved a material change in circumstances before finding that the children's best interest warranted a change in custody, I would hold that

6

that finding is not supported by the evidence. First, Renee's move and the resulting travel schedule are not a material change because they were known before the divorce. Robert testified that Renee testified in the divorce trial that she wanted to move to Salem and was fine with driving the children halfway to Robert for visitation.[1] Additionally, Robert testified that he had been receiving the same visitation as he had before the move. Second, I would hold that none of the other issues Robert complains about amount to a material change in circumstances. Accordingly, the circuit court clearly erred in changing custody.

*Taylor & Taylor Law Firm, P.A.*, by: *Tory H. Lewis*, *Andrew M. Taylor*, and *Tasha C. Taylor*, for appellant.

*Emily Reed*; and *Blair & Stroud*, by: *Barrett S. Moore*, for appellee.

---

[1] Robert testified that they went through a whole trial where Renee said, "[L]et me move to Salem and I'll take care of this." He testified that "it's the same seven hours that she testified to the jury in Texas that she would be comfortable driving halfway." He also testified that "[s]he told a jury she was going to put them in a car, and then now she puts them in a car and complains of it. So, is it great? No, but it is the plan she came up with."